HENRY F. TARBOX *vs.* MICHAEL GORMAN and others.

July 18, 1883.

**Promissory Note—Possession and Indorsement as Evidence of Title.**
By force of statute, in an action upon a promissory note by one claiming as indorsee, the possession of the note, purporting to be indorsed by the payee in blank, is *prima facie* evidence that it was so indorsed, and hence evidence of title in the plaintiff.

**Same—Indorsement by Agent.**—Where the indorsement purports to be that of the payee, made by the hand of an agent, it is not necessary to prove the authority of the agent.

**Same—Rebutting Evidence.**—Such *prima facie* proof of title in plaintiff is rebutted by proof that plaintiff acquired the note, with knowledge of the facts, from one to whom it had been indorsed by the payee as collateral security merely, and that, after the transfer to plaintiff, the obligation for which it had been held as collateral had been discharged.

**Same—Answer—Denial of Indorsement.**—An answer denying that the note was ever transferred to the plaintiff, and alleging that the payee is

still owner of it, puts in issue an alleged sale and indorsement to the plaintiff.

**Corporation—Officer not Chargeable with Notice of its Contracts.—** The fact that one is a stockholder and attorney of a corporation does not charge him with notice of the contracts made by the corporation, and of their breach.

**Non-joinder of Parties Plaintiff— Waiver of Objection.—**A defendant waives any objection for non-joinder of parties plaintiff, by not availing himself of it by demurrer or answer.

Appeal by defendants from an order of the district court for Good-hue county, refusing a new trial, after a trial by *McCluer, J.,* without a jury.

*W. Colvill,* for appellants.

*W. C. Williston,* for respondent.

DICKINSON, J.   The action was upon a promissory note, made by the defendants to a corporation named the Batavia Portable Engine Company, and payable to its order.   The defendants put in issue the indorsement of the note to the plaintiff, alleging that the payee named in the note was still the owner of it.   Matter in recoupment was also pleaded by the defendants, consisting of a breach of a warranty made by the payee respecting an engine sold by it to the defendants, and for which the note was given.   At the trial the plaintiff offered in evidence the note, and an indorsement thereon in these words: "Batavia Portable Engine Co., by C. E. Fish, Treas."   This was received without objection.   It was *prima facie* evidence of the indorsement in blank by the payee, (Gen. St. 1878, c. 73, § 89; *First Nat. Bank* v. *Loyhed,* 28 Minn. 396,) and of title in the plaintiff as indorsee. By the terms of the statute, in such actions, "the possession of the note or bill is *prima facie* evidence that the same was indorsed by the person by whom it purports to be indorsed."   This note purports to be indorsed by the payee, by the hand of an agent.   Hence, it was not necessary, in order to make a *prima facie* case, to prove that Fish was the treasurer of the corporation, or that he was authorized to make its indorsement.

The plaintiff resting his case upon this evidence alone, the defendants introduced, by deposition, the testimony of the plaintiff and of

others, which tended strongly to show that this note, with others belonging to the corporation, (payee,) had been first transferred to three of its stockholders—Tomlinson, Cary, and Sherwin—as collateral security on account of liabilities which they had assumed in behalf of the corporation by the indorsement of its notes. Tomlinson, Cary, and Sherwin transferred these collaterals, including the note in suit, to this plaintiff—or, perhaps, to him with others—upon an agreement, the precise nature of which the evidence does not very clearly disclose. We think, however, that the testimony tends to show, if it does not show it conclusively, that the agreement was that the persons to whom the notes were thus transferred should protect Tomlinson, Cary, and Sherwin in respect to their liability as indorsers for the corporation; and to that end that they should collect payment of the collaterals transferred to them, and apply the proceeds in discharging such liability. It appears that some of the collaterals were collected, and, with the proceeds, an outstanding obligation of Tomlinson, Cary, and Sherwin's was taken up, and their liability, on account of which they had held the collateral securities, was extinguished. It further appears from the testimony of the plaintiff that it was agreed between Tomlinson, Cary, and Sherwin, and those to whom the collaterals were transferred, including the plaintiff, and at the time of the transfer, that the parties last named were "to indorse for the company individually, and hold personally all the notes as security for my (plaintiff's) liability as indorser." Plaintiff did indorse for the company, and assumed to hold the note in suit as collateral therefor. Whether the corporation ever conferred upon plaintiff the right to hold such collaterals does not appear.

The defendants, having presented all of the evidence which they proposed to offer, touching the title of the plaintiff and his rights respecting the note, proceeded to offer evidence in support of the matter in recoupment alleged in the answer. All evidence upon that subject was excluded by the court, and judgment was directed for the plaintiff. We do not understand that this disposition of the case by the learned judge (who tried the case without a jury) is to be taken as the result of his opinion and decision upon the *weight* of the evidence, but rather that he considered that the evidence conclusively showed

plaintiff to be a *bona fide* holder of the note, and entitled to recover without regard to any existing defence or set-off as between the original parties to the note, and that there was no opposing evidence. If this was the ground of the action of the court below, we think there must have been misapprehension of the character or force of the evidence, or else of the principles of law applicable to the case. In our opinion the testimony to which we have referred tends, at least, to prove that the plaintiff did not hold the note free from equities existing between the original parties. If the original indorsees of the note held it only as collateral security, their right to hold it or to recover upon it, as the real parties in interest, was extinguished when the principal obligation was discharged. If no other right intervened, the note should then have been restored to the pledgeor. Plaintiff deriving the note from the pledgees with knowledge of the nature of the title of the latter, acquired no better right than they could lawfully confer.

It appearing, then, as we will assume, that the plaintiff first acquired the note from mere pledgees, whose rights respecting it were afterwards, as plaintiff's own testimony shows, extinguished, it was incumbent upon the plaintiff to rebut the presumption which naturally follows, that the note then belonged to the pledgeor, by proof of right acquired from the latter. It was not enough to show that the former indorsees, if they held the note as security merely, contracted with plaintiff that the latter should hold the same as security for indorsements which he might make for the company. It does not appear that they had authority to so dispose of the property of the corporation. The indorsement upon the note does not supply the necessary proof. It is to be presumed that that was made when the note was transferred to Tomlinson, Cary, and Sherwin as collateral security. The note remaining in the hands of the plaintiff after the extinguishment of the indorsees' lien, the indorsement cannot be taken as proof of a retransfer from the corporation. The testimony of plaintiff, that he held this note as collateral security for his indorsements, does not show more than that he, being already in possession of the note, which he had acquired in the manner stated, assumed to hold it also as security for liabilities which he incurred by

v.31—5

indorsement for the corporation. He could have acquired a right to retain the note for such purpose only by contract with the owner, either express, or arising by implication from facts warranting the presumption that such was the intention of the parties. Plaintiff, by his own testimony, showing by what means he acquired and held the note, it will not be inferred that he had any better title than that which he particularly disclosed. In view of the testimony presented, and apprehending that the trial court did not consider it as tending to rebut the *prima facie* case made by the plaintiff as to his title and his *bona fides,* we consider that there should be a new trial.

The answer denying that the note was ever transferred to the plaintiff, and alleging that the payee was the actual owner and the real party in interest, put in issue the alleged sale and indorsement to the plaintiff.

The mere fact, which defendants offered to show, that the plaintiff was a stockholder and the attorney of the corporation, would not have charged him constructively with notice of the alleged warranty and breach which are pleaded in recoupment.

The non-joinder of Tomlinson and Gould was waived, the objection not having been raised by the pleadings.

Order reversed, and a new trial awarded.