T. F. COWING *vs.* ANDREW PETERSON.

December 6, 1886.

Pleading—Denial of Signature.—Where a pleading alleges the execution of a written contract upon which the cause of action, defence, or counterclaim set forth is based, a general denial in the opposite pleading, though it be verified, is not a denial of the signature or execution under oath or affidavit, such as is contemplated by Gen. St. 1878, c. 73, § 89. The denial must be specific in order to make proof of the execution necessary at the trial.

Plaintiff brought this action before a justice of the peace upon a written contract for the purchase of twine, made and signed by the defendant. The answer denied each and every allegation of the complaint. Plaintiff having offered the contract in evidence, it was objected to on the ground that there was no proof of its execution. The objection was overruled. Judgment having been rendered for plaintiff, the defendant appealed upon questions of law to the district court for Douglas county, where the judgment was affirmed by *Baxter,* J. Defendant appeals from the judgment of the district court.

*Nelson, Reynolds & Treat,* for appellant.

*Clapp, Woodard & Cowie,* for respondent.

GILFILLAN, C. J. The action was on a contract alleged by the complaint to have been in writing. The answer was a general denial,

and was verified by the defendant.   On the trial the court, against defendant's objection that the execution had not been proved, admitted the contract in evidence without proof of execution.   This raises the only question that needs to be specifically considered.   The majority of the court are of opinion that, where a pleading alleges the execution of a written contract upon which the cause of action, defence, or counterclaim set forth is based, a general denial in the opposite pleading, though it be verified, is not a denial of the signature or execution under oath or affidavit, such as is contemplated by Gen. St. 1878, *c.* 73, § 89; but the denial must be specific, in order to make proof of the execution necessary at the trial.

Judgment affirmed.