## A. C. BAUSMAN *vs.* CREDIT GUARANTEE COMPANY.

### November 25, 1891.

**Action on Written Contract—Insufficient Denial of Execution.—** Where the complaint alleges the execution of a written contract upon which the action is brought, a general denial in the answer, though verified, is not a denial of the execution under oath or affidavit, such as is required by Gen. St. 1878, *c.* 73, § 89; following *Cowing* v. *Peterson*, 36 Minn. 130.

**Same—Effect of Admission of Execution of Contract by Corporation.** The admission of the execution of a contract by a corporation includes an admission of the power of the corporation to make the contract, and of the authority of the officer or agent who executed it in its behalf.

**Indemnity against Liability as Indorser—Effect of Indorser's Giving his own Note after his Liability has become Absolute.**—The defendant having agreed to indemnify the plaintiff as indorser of a promissory note, the maker having failed to pay it, and the plaintiff's liability as indorser having become absolute, he took up the note by executing his own promissory note for the amount, which the holder of the original note accepted, surrendering the former to the plaintiff. *Held,* that if the holder accepted plaintiff's note, not as collateral, but as payment and satisfaction of the original note, this was equivalent to a payment in money, and an action would lie against the defendant on his contract of indemnity, although the plaintiff had not paid his own note.

**Same—Note Accepted as Payment—Evidence.**—*Held,* also, that upon the facts above stated, *prima facie,* at least, the holder accepted the plaintiff's note in payment of the original one.

Action brought in the district court for Hennepin county, to recover $945 and interest on the contract considered in the opinion. At the trial, before *Smith,* J., a verdict was directed for plaintiff for the amount demanded in the complaint. A new trial was refused, and the defendant appealed.

*C. A. Millard* and *F. B. Wright,* for appellant.

*Ell Torrance* and *John P. Rea,* for respondent.

Mitchell, J. This was an action brought upon a written contract, purporting and alleged to have been executed by the defendant, a corporation, to the plaintiff, whereby, for the expressed consideration of plaintiff's indorsing two notes of Ballard & Bostwick, the defendant "guaranteed him against being called on to pay them." The answer was a general denial. The action was one to which the latter portion of section 89, c. 73, Gen. St. 1878, applied. *Mast* v. *Matthews,* 30 Minn. 441, (16 N. W. Rep. 155.) And, according to the doctrine of *Cowing* v. *Peterson,* 36 Minn. 130, (30 N. W. Rep. 461,) the general denial did not put in issue the execution of the instrument. The execution of the contract, which thus stood admitted by the pleadings, included and implied the power of the corporation to make it, and the authority of the agent or officer by whom it was executed; for, unless such were the facts, it was not executed by the corporation, and was not its contract. Want of consideration was a defence which should have been affirmatively and specially pleaded. Conse-

quently the only issue under the pleadings was whether there had been a breach of the contract. The evidence showed that Ballard & Bostwick have never paid their notes; that plaintiff's liability as indorser became absolute by due protest of the notes at maturity; that subsequently plaintiff took them up by giving his own promissory note for the amount, which the holder accepted, and surrendered the Ballard & Bostwick notes to the plaintiff; but that he had not, at the time of the commencement of this action, paid his note, it not having yet become due.

Taking the word "guaranty" as meaning "indemnify" or "save harmless," and construing the contract as merely one of indemnity, (which is the view most favorable to the defendant, and doubtless the correct one,) and consequently that plaintiff would have no cause of action until he had paid the Ballard & Bostwick notes, it still remains, however, to determine what, in judgment of law, is considered as payment. It is well settled in this country, in accordance with the rule of the civil law, that the giving by a surety or secondary debtor of his own negotiable promissory note, which is accepted by the creditor, not collaterally, but as actual payment and satisfaction of the original debt, will be held payment as against the principal debtor, and gives at once a right of action against him by the surety for the amount of his note; in other words, the note is treated as money. Sedg. Dam. § 796 *et seq.* The principle is the same, and the same rule applies, in the case of express contracts of indemnity. In many of the authorities the expression "*negotiable* promissory note" is used, and in this case it does not appear that the promissory note given by plaintiff was negotiable; but this is not material, the important fact being that the new obligation was accepted as satisfaction of the original debt. The fact that the creditor in this case accepted plaintiff's note, and surrendered to him the notes against Ballard & Bostwick, established, at least *prima facie*, that the former was accepted in payment and satisfaction of the latter.

There are no other questions in the case requiring special notice. Order affirmed.