CHARLES P. BURR *vs.* JAMES F. CRICHTON *et al.*

Submitted on briefs Oct. 25, 1892.  Decided Nov. 21, 1892.

**Alleged Errors Considered.**

Certain alleged errors of no special importance considered and disposed of.

**Appeal Taken for Delay—Three Per Cent. Added.**

As it clearly appears that this appeal was taken for delay merely, a percentage upon the amount of the judgment of the court below is allowed to plaintiff (respondent) in addition to his costs and disbursements in this court, under the provisions of 1878 G. S. ch. 67, § 18.

Appeal by defendant, William E. Haskell, from a judgment of the District Court of Hennepin County, *Canty,* J., entered December 21, 1891, against him and the other defendants, James F. Crichton and Sarah Crichton, for damages, $4,807.13, and costs, $15.28, and in favor of plaintiff, Charles P. Burr.

*Sumner & Giddings,* for appellant.

*William Peet, Jr.,* for respondent.

COLLINS, J.   The defendants Crichton executed and delivered their promissory note to plaintiff, securing the same by a mortgage upon real property.   Subsequently they sold and conveyed this property to defendant Haskell, and he, according to the terms of the deed of conveyance, assumed and expressly promised to pay the amount due on said note as part of the purchase price.   Both mortgage and note were duly recorded, and this action was brought to recover upon the note, and upon the later promise to pay it.   Defendants Crichton failed to answer.   Haskell answered, but did not specifically deny the execution and delivery of the note, or that he has assumed and promised to pay the same.   Aside from a general denial, his answer was merely evasive, and on the trial he attempted no defense on the merits.   The appeal—by Haskell alone—is from a judgment in plaintiff's favor, and appellant's counsel are candid enough to admit that it is based upon technicalities.

1. The promissory note, the original mortgage, and the record of the deed to Mr. Haskell, as found in the office of the register of deeds, were produced in evidence by the plaintiff, under objections made by defendant's counsel.   There should have been no question about the admissibility and competency of the note and mortgage. *Cowing* v. *Peterson*, 36 Minn. 130, (30 N. W. Rep. 461;) *Bausman* v. *Credit Guarantee Co.*, 47 Minn. 377, (50 N. W. Rep. 496.)   No further or other identification or authentication than that afforded by their production was necessary.

2. The objection now urged to the introduction of the record of the deed,—that it had not been and was not read at length prior to its reception by the court,—was not suggested at the trial, and this is all that need be said.   But undoubtedly the court below was fully advised of the nature of the record when admitting it in evidence.

3. If there was any error in permitting oral testimony as to a second mortgage upon the property, it was without prejudice.   Such testimony could not have affected the result.

4. From the foregoing statement of the case and the alleged errors, purposely made more in detail than was necessary for an affirmance, it clearly appears that the appeal is singularly without

merit. In our opinion, it was taken for delay merely, and comes exactly within the provisions of 1878 G. S. ch. 67, § 18. The clerk of this court will therefore add to the amount of the respondent's costs and disbursements, when entering judgment in his favor, the sum of three per centum of $4,822.41, the amount of the judgment in the court below.

Judgment affirmed.

(Opinion published 53 N. W. Rep. 645.)