R. H. MOORE v. ANNA E. HOLMES.[1]

April 30, 1897.

Nos. 10,447—(63).

**Action on Note—Denial of Execution—Verified Answer—Authority of Agent.**

G. S. 1894, § 5751, in part reads as follows: "Every written instrument purporting to have been signed or executed by any person shall be proof that it was so signed or executed until the person by whom it purports to have been signed or executed shall deny the signature or execution of the same by his oath or affidavit." *Held,* following McCormick v. Doucette, 61 Minn. 40, that this is a rule of evidence, and not of pleading. *Held,* further, that a special denial in the answer that the defendant signed the note sued upon, which answer was verified upon information and belief by the defendant's attorney, is not such a denial under oath of the signature or execution of the instrument as is contemplated by the statute, so as to put the plaintiff in the first instance to the proof of the execution of such instrument. *Held,* also, following Tarbox v. Gorman, 31 Minn. 62, that the fact of the signing and execution of a note purporting to be made by the hand of an agent did not render it necessary to prove the authority of the agent in order to make a prima facie case.

Appeal by defendant from an order of the district court for Wabasha county, Gould, J., refusing a new trial after a directed verdict for plaintiff. Affirmed.

*H. W. Morgan,* for appellant.

The burden of proof was on plaintiff, and there was an absolute lack of evidence as to the agency of Mrs. Holmes's husband or as to her ratification of his assumed agency.

*Edgerton, Wickwire & Rice,* for respondent.

Where the signature or indorsement purports to be made by the hand of an agent, it is not necessary to prove the authority of the agent in order to make out a prima facie case. First National v. Loyhed, 28 Minn. 396; Tarbox v. Gorman, 31 Minn. 62; Deakin v. Underwood, 37 Minn. 98; Bausman v. Credit, 47 Minn. 377; National v. Mallan, 37 Minn. 404, and First National v. Compo-Board, 61 Minn. 274. An answer denying execution of a note, verified by defendant's attor-

1 Reported in 70 N. W. 872.

ney, to the effect that he believes it to be true, is not such a denial as is required by the statute to put plaintiff to other proof of the execution of the note than such as the instrument itself affords. Johnston v. Clark, 30 Minn. 308; nor is a general denial, though verified, such a denial on oath or affidavit as the statute contemplates. Cowing v. Peterson, 36 Minn. 130; Banks v. McCosker, 82 Md. 518, and McCormick v. Doucette, 61 Minn. 40.

BUCK, J. This is an action brought by the receiver of the Merchants' Bank of Lake City upon a promissory note. The complaint alleges that the defendant, Anna E. Holmes, by her husband and her agent duly authorized thereto, made her promissory note in writing dated June 1, 1893, and thereby promised to pay to the Merchants' Bank of Lake City, on demand, $4,000, with interest from the date of said note, interest payable annually, and that only $163.33 as interest had been paid on said note. The answer specially denies that she ever made or signed the note. The verification to the answer was made by defendant's attorney upon information and belief, the defendant being absent from the county where she resided at the time of making the same. The case was tried to a jury, but after the evidence was all introduced the plaintiff moved the court to instruct the jury to render a verdict in favor of the plaintiff for the amount claimed in the complaint, which motion was duly granted, and the jury found accordingly. The evidence is rather meager, and not very satisfactory upon either side. The note reads as follows:

"Lake City, Minn., June 1st, 1893.
On demand, after date, I promise to pay to the Merchants' Bank of Lake City, Minn., or order, ($4,000.00) four thousand dollars, at their banking house, with interest from date at the rate of 7 per cent. per annum until paid. Value received. Interest payable annually.

Anna E. Holmes, per H."

The defendant objected to its admission as evidence, upon the ground that it had not been shown that it was ever made by the person by whom it was alleged to have been made. Before the court ruled upon the admissibility of the note the receiver testified that after his appointment he had a conversation twice with defendant, and at one of the conversations he said to her:

"'I noticed among the assets of the bank a note of yours, Mrs.

Holmes;' and * * * she said, 'Yes; for four thousand dollars; but I didn't know of its signing at the time.' I said, 'I suppose you first became aware of its existence when you were a director of the bank, and was canvassing its assets.' She said, 'Yes.' I said, 'That was several months ago, wasn't it Mrs. Holmes?' She said, 'Yes.' "

There was no evidence given upon the part of the defendant, and the jury were instructed by the court to find a verdict for plaintiff for the face amount of the note, less $163.33 interest paid. In the conversation with the receiver she admitted that she knew of the existence of the note while she was a director of the payee bank, and she did not, in this conversation nor on the trial, deny the agency of her husband in the making of the note. When the receiver said to her, "I noticed your note among the bank's assets," she did not say it was not hers, or repudiate the authority of her husband as her agent in making it. At this stage of the trial the court admitted the note in evidence, and granted the motion instructing the jury as above stated. Even if the evidence outside of the note was not sufficient to have authorized the court in admitting it in evidence, and thus to have justified the granting of the motion, the note itself was properly admitted as coming within the provisions of G. S. 1894, § 5751, providing that

"every written instrument purporting to have been signed or executed by any person shall be proof that it was so signed or executed, until the person by whom it purports to have been signed or executed shall deny the signature or execution of the same by his oath or affidavit."

The defendant did not by her oath or affidavit deny the signing or execution of the note, nor did she deny such signature or execution on oath at the trial. While the general denial in the answer, verified upon information and belief by the defendant's attorney, put in issue the execution of the note, this is a rule of pleading; but the statutory requisite above quoted with reference to the necessity of denying the signature and execution of a written instrument is a rule of evidence, not of pleading. The failure of the defendant to comply with the statute in this respect, by denying her signature or the execution of the note by her oath or affidavit, entitled the plaintiff to put the note in evidence without plaintiff being required to first prove its execution. McCormick v. Doucette, 61 Minn. 40, 63 N. W. 95. When this was done the plaintiff had established prima facie a cause of action, and the failure of the defendant to meet this by denial of her signature

or execution of the note, or other competent evidence, justified the trial court in directing a verdict in behalf of plaintiff. The fact that the signing and execution of the note purported to be made by the hand of an agent did not render it necessary to prove the authority of the agent in order to make a prima facie case. Tarbox v. Gorman, 31 Minn. 62, 16 N. W. 466.

Our conclusion, therefore, is that the order denying defendant's motion for a new trial should be affirmed, and it is so ordered.

CANTY, J. I cannot concur in the proposition that, where a written instrument purports to have been made by an agent in the name of a single private individual, it should be presumed, under that part of section 5751 quoted by the majority, that the agent had authority to sign the name of the principal. It seems to me that the proper interpretation of the language so quoted is that, where the instrument purports to be signed by the principal himself, it raises a presumption that he signed it; but this proposition is modified by two others, viz.: First, that, in the nature of things, a corporation or partnership must, or always does, sign its name by an officer or member thereof, and that such signature is the signature of the principal, and not the signature of an agent, within the meaning of the statute; and, second, that when a signature appears to such a written instrument it is presumed to have been signed by the principal himself, unless it purports affirmatively to have been signed by an agent. Applying this proposition, as thus modified, to the case at bar, it leads to the conclusion that the signature here in question does not come within the statute. It is the name of a private individual, not of a firm or corporation, and purports on its face to be signed by an agent. Tarbox v. Gorman, 31 Minn. 62, 16 N. W. 466, relied on by the majority, was the case of a signature purporting to be that of a corporation, signed by its treasurer, and besides, that case arose under the first clause in section 5751, which provides:

"In actions brought on promissory notes or bills of exchange by the indorsee, the possession of the note or bill is prima facie evidence that the same was endorsed by the person by whom it purports to be endorsed."

This is a very different statute. Here it is the possession of the

note, not the mere production of the alleged signature, that raises the presumption. No presumption is raised at all in favor of the alleged signature by its mere production, but the presumption is raised by the production of a promissory note made to a third party, and admittedly or presumably valid. Under this statute, it may well be that the production of the note on the trial raises the presumption that the alleged signature of the indorsee is authorized or genuine, however written. But, under the statute here in question, the mere production of that which on its face does not purport to be the alleged maker's signature should not raise a presumption that it is his signature.

I am, however, of the opinion that the uncontradicted evidence given on the trial of this case proved that defendant tacitly admitted the signature, and warranted the court in ordering a verdict for plaintiff.