## BRIDGET McGINTY v. ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.

November 22, 1898.

Nos. 11,209—(81).

**Signature upon Written Instrument—Admission in Evidence—G. S. 1894, § 5751.**

G. S. 1894, § 5751, providing for the admission in evidence in certain cases of written instruments, without proof of their execution, applies only to instruments which purport on their face to have been signed or executed by the party or his agent against whom it is sought to enforce them.

**Same—Instrument not Apparently Executed by Defendant.**

*Held,* accordingly, that the written instrument which is the subject of this action does not on its face purport to have been executed by or for the defendant, and that it was not admissible in evidence against the defendant without extrinsic evidence tending to show that it was executed by it.

Action in the district court for Ramsey county to recover $2,560, as damages for breach of contract. At the close of plaintiff's case, the court, O. B. Lewis, J., granted the motion of defendant to dismiss the action, to which plaintiff excepted. From an order denying a motion for a new trial, made on the grounds that the decision was not justified by the evidence and was contrary to law,

and of errors occurring at the trial and excepted to at the time, plaintiff appealed. Affirmed.

*Enoch Johnson* and *James E. Trask*, for appellant.

Exhibit A is a binding contract, and not a mere license. Ellsworth v. Southern Minnesota Ry. E. Co., 31 Minn. 543. Under G. S. 1894, § 5751, plaintiff was entitled to introduce the contract in evidence. Johnston Harvester Co. v. Clark, 30 Minn. 308; P. P. Mast & Co. v. Matthews, 30 Minn. 441; McCormick H. M. Co. v. Doucette, 61 Minn. 40; Cowing v. Peterson, 36 Minn. 130; Bausman v. Credit Guarantee Co., 47 Minn. 377. The contract purports to be the contract of defendant, signed by John Ireland on its behalf and with its authority. It was not necessary to prove the authority of the agent to make out a prima facie case. Moore v. Holmes, 68 Minn. 108; Tarbox v. Gorman, 31 Minn. 62. It was error to dismiss the case, which was sufficient on the evidence admitted and on which plaintiff relied in resting her case. State v. Gloyd, 14 Wash. 5; Clark v. Carr, 45 Ill. App. 469.

*Thos. R. Benton*, for respondent.

START, C. J.

The plaintiff is the administratrix of the estate of John McGinty. She alleged in her complaint:

"That on the 7th day of April, 1880, the defendant executed and delivered to the plaintiff's intestate the following instrument, in writing:

'St. Paul, Minn., April 7th, 1880.

By virtue of a contract entered into between the St. Paul, Minneapolis and Manitoba Railroad Company and the Right Rev. John Ireland, John McGinty is hereby permitted to enter upon the southwest quarter of section 15, town 125, range 45, known as Railroad Indemnity Land; the conditions of said entry being that said John McGinty breaks twenty acres of said land before the first day of July, 1880, and puts in a crop in the said twenty acres the following spring. The said John McGinty also agrees to pay to the said railroad company, at any time the said company notifies him that it has secured title to the said land, the sum of four dollars per acre, in payments to be arranged by said company. And, in case the said John McGinty fails to fulfill the above con-

ditions, then this permit and all rights intended to be secured under it by John McGinty shall be null and void.

John Ireland.'

That said John Ireland, whose name is signed to the above instrument, acted as the agent of the defendant in the execution thereof."

The complaint further alleged that the plaintiff's intestate, pursuant to such contract, entered upon the land therein described, broke 20 acres thereof before July 1, 1880, and put in the crop thereon the following spring; that the defendant thereafter acquired title to the land, but never so notified either plaintiff or plaintiff's intestate, or his heirs, but refused to carry out the agreement, and conveyed the land to other parties, whereby the estate of the deceased, and the plaintiff as such administratrix, have sustained damages in the sum of $2,560.

The answer, among other matters, denied that the defendant had any knowledge or information sufficient to form a belief concerning the alleged contract set forth in the complaint; admitted that the defendant had acquired title to the land, and had agreed to sell it to another party; and denied each and every other allegation of the complaint not admitted. This answer was verified by the defendant's secretary, but he did not specifically deny under oath the execution of the contract.

On the trial, the plaintiff, without offering any evidence tending to show that the instrument set out in the complaint, and designated in the record as Exhibit A, was executed by the defendant by John Ireland, or that it was the contract of the defendant, offered it in evidence. The defendant objected to its being received, on the ground that, on its face, it was not, and did not purport to be, the contract of the defendant, but that of John Ireland, and that his authority to act for the defendant had not been shown. The objection was overruled, and Exhibit A received in evidence. The defendant excepted. The plaintiff then gave evidence tending to show compliance with the terms of Exhibit A, and the damages for the alleged breach thereof, and rested. The court then, on motion of the defendant, dismissed the action, on the ground that there was no evidence in the case to show that Exhibit A was other

than the contract of John Ireland, to which ruling the plaintiff excepted, and appealed from an order denying her motion for a new trial.

1. The plaintiff's first contention is that Exhibit A is a binding contract for the sale of the land therein described, and not a mere license or permit to enter thereon, and that it was properly received in evidence without any proof that it was the defendant's contract, for the reason the defendant failed to comply with the statute in denying its signature, or execution of the contract, by oath or affidavit.

Whether Exhibit A is an enforceable contract to sell the land if it had been executed by the defendant, it is unnecessary to decide, for the action was rightly dismissed on the ground that there was no evidence in the case which would support a finding that Exhibit A was the contract of the defendant. We are not, however, to be understood as suggesting that Exhibit A (unless the facts would justify its reformation) can be held to be a contract to convey the land by any party. The plaintiff claims that Exhibit A is of itself sufficient evidence of a contract to convey the land between the defendant and plaintiff's intestate, by virtue of G. S. 1894, § 5751, which, so far as here material, is as follows:

"Every written instrument purporting to have been signed or executed by any person shall be proof that it was so signed or executed, until the person by whom it purports to have been signed or executed shall deny the signature or execution of the same by his oath or affidavit."

This statute applies only to instruments which purport on their face to have been signed or executed by the party or his agent against whom it is sought to enforce them. Moore v. Holmes, 68 Minn. 108, 70 N. W. 872; Massillon E. & T. Co. v. Holdridge, 68 Minn. 393, 71 N. W. 399. The execution of Exhibit A by the defendant was in issue by the pleadings, and the plaintiff, before she could recover upon the instrument, if it be an enforceable contract, was bound to show that it was executed by the defendant. If Exhibit A purports on its face to have been executed by or on behalf of the defendant, then, by virtue of the statute and the pleadings in this case, it was admissible in evidence without extrinsic

proof, and sufficient to establish prima facie that it was executed by the defendant. McCormick H. M. Co. v. Doucette, 61 Minn. 40, 63 N. W. 95. The question then is, does it purport on its face to be the contract of the defendant? Clearly, it does not. If it is any one's contract, it is that of John Ireland. It is signed by him personally, and not in any representative capacity. The recital therein, to the effect that, by virtue of a contract between the defendant and John Ireland, permission is granted to John McGinty to enter upon the land, does not import a contract of agency whereby John Ireland was authorized to, and did, execute the instrument for the defendant. Exhibit A, standing alone, as it did, had no tendency to prove that it was executed by the defendant.

2. The plaintiff also claims that she tried and rested her case in reliance on the court's ruling admitting Exhibit A in evidence, as establishing, prima facie, that it was executed by the defendant, and that it was reversible error for the court thereafter to dismiss the action on the ground that there was no evidence tending to show that the defendant executed the alleged contract, because it was then too late for her to make such proof. The record is a sufficient answer to this contention, for it shows that the motion to dismiss was made and granted on the ground that the contract received in evidence was not that of the defendant; and that the plaintiff had an opportunity to ask the court to reopen her case, and supply the proof which the motion advised her was lacking, if such evidence existed. Again, it does not appear that this alleged error was urged as a ground for a new trial.

Order affirmed.

CANTY, J.

I concur in the foregoing opinion except so far as it lays down the broad proposition that, when a written instrument purports on its face to be signed by an agent, it is presumed, under G. S. 1894, § 5751, that the agent had authority to sign it. My position on this question is set forth in my dissenting opinion in Moore v. Holmes, 68 Minn. 108, 70 N. W. 872.