### B. W. HUNTLEY v. W. B. HUTCHINSON.[1]

January 8, 1904.

Nos. 13,695—(158).

**Promissory Note.**

>    Certain questions raised on appeal in an action upon promissory notes, in which plaintiff, an alleged innocent purchaser for value and before maturity, had a verdict for the full amount thereof, considered, and disposed of.

Action in the municipal court of Spring Valley to recover $270.85, and interest, upon two promissory notes made by defendant and indorsed to plaintiff. The case was tried before Thayer, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From a judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Wells & Hopp*, for appellant.
*Allen & Pattridge*, for respondent.

[1] Reported in 97 N. W. 971.

COLLINS, J.

Action upon two promissory notes payable to the Climax Machine Company or bearer, and alleged to have been indorsed by that company to one L. M. Steere, and then to have been indorsed by Steere to plaintiff, in each instance before maturity, and for value. In his answer, defendant denied the execution or delivery of said notes, and denied the indorsements before mentioned, upon information and belief. He then set forth a transaction through which he asserted that these or other papers purporting to be promissory notes might have been obtained from him through trickery, artifice, and fraud by a man who pretended to act as agent for the Climax Company.

At the trial before a jury there was evidence which would have fully justified a verdict for defendant, either upon the ground that the notes were forgeries, or on the ground that they were falsely and fraudulently obtained through some trick or device perpetrated by the agent before mentioned, and were without consideration, and that the plaintiff was not a bona fide holder for value, because there were circumstances surrounding his alleged purchase which might have put an ordinary man on his guard, and have suggested a defense. But these were all questions for the jury, and were passed upon adversely to defendant's contention. We are unable to say, as a matter of law, after a careful review of the testimony, that the verdict must be set aside on the ground that the evidence was conclusively against the findings on those issues, which were submitted to the jury in an impartial and complete charge by the court.

Counsel for defendant make the point that there was a failure to show by competent testimony an indorsement of either of the notes by the payee company, and that their objections to the admission in evidence of the indorsements on the backs thereof should have been sustained. The plaintiff had personal possession of the notes, and each purported to be indorsed by the payee, the Climax Machine Company, directly to Steere, and then by the latter directly to plaintiff, in both cases without recourse. Introducing these indorsements in evidence made a prima facie case for the plaintiff; the law on this point being that the possession by a plaintiff of a note purporting to be indorsed by a payee is prima facie evidence that it was so indorsed, and therefore evidence of title in the plaintiff. G. S. 1894, § 5751; Tarbox

v. Gorman, 31 Minn. 62, 16 N. W. 466. There was no effort on the part of the defendant to rebut or overcome the prima facie case made by the introduction of the notes and the indorsements.

It is also urged that it conclusively appears that the notes were placed in the hands of plaintiff's attorneys for collection only; that, instead of collecting, these attorneys sold them to plaintiff; and that, as it is well settled that an attorney holding negotiable paper with authority to collect, simply, has no implied authority to sell, plaintiff acquired no title, and for that reason there could be no recovery here. In reply to this, and admitting that the notes were in the hands of the attorneys for collection only, it is only necessary to call attention to the fact that from the indorsements it appears prima facie that Steere, to whom the notes had been transferred, personally indorsed them, and made them payable to this plaintiff by name.

It is also argued that the trial court below erred when refusing to certify the action to the district court for trial on the ground that an equitable defense had been interposed, not triable in the municipal court. The defense was strictly legal, as appears from our statement as to the contents of the answer, and for that reason no case was made under G. S. 1894, § 1378, for removal.

Finally, an imposition may have been practiced upon defendant by the alleged agent, and a great wrong may be done him in enforcing payment of these notes, but, on the record, we are unable to find a valid ground for reversal.

Judgment affirmed.