W. H. LA PLANT v. PRATT-FORD GREENHOUSE COMPANY.[1]

July 19, 1907.

Nos. 15,280—(202).

**Signature of Bill or Note.**
    The provisions of section 5751, G. S. 1894 (section 4730, R. L. 1905), apply to instruments purporting to be executed by corporations, as well as to those executed by natural persons.

[1] Reported in 112 N. W. 889.

**Same—By Corporation.**

A denial by its attorney upon information and belief of the signature or execution of an instrument purporting to be executed by a corporation is not a denial upon oath or affidavit, as required by statute.

**Same—Evidence.**

Evidence sufficient to sustain the finding of the jury that the note in suit was executed with the authority of appellant, and, if not so authorized, that appellant was estopped by its conduct to deny its liability thereon.

Action in the district court for Anoka county, to recover $466.67 on a promissory note. The case was tried before Giddings, J., and a jury which rendered a verdict in behalf of plaintiff. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Wyman & Blanchard,* for appellant.

*Albert F. Pratt,* for respondent.

LEWIS, J.

Action upon a promissory note for $466.67, of date June 1, 1905, alleged to have been executed and delivered by appellant to respondent. The answer admitted that appellant was a corporation created and existing under and by virtue of the laws of Minnesota, but denied the execution and delivery of the note, and alleged, on information and belief, that it was executed and delivered to respondent by one D. O. Pratt, without any authority of appellant company. Verdict returned for respondent for the full amount of the note. Upon this appeal the appellant contends that it conclusively appears from the evidence that the note was not executed and delivered by it, and also that the court erred in certain rulings with respect to the admission of evidence.

The note was properly received in evidence, without proof of signature. Section 5751, G. S. 1894, applies to instruments purporting to be executed by a corporation, as well as those executed by natural persons. First Nat. Bank of Freeport v. Compo-Board Mnfg. Co., 61 Minn. 274, 63 N. W. 731, approved and followed in London & N. W. Am. Mort. Co. v. St. Paul Park Imp. Co., 84 Minn. 144, 86 N. W. 872. The answer was verified by the attorneys of appellant upon information and belief, and hence did not constitute a denial under

oath or affidavit, as contemplated by statute. McCormick Harvesting Machine Co. v. Doucette, 61 Minn. 40, 63 N. W. 95; Moore v. Holmes, 68 Minn. 108, 70 N. W. 872.

Although the note was properly received in evidence and made a prima facie case against appellant company, the answer was sufficient to put in issue the fact of its execution and delivery by that company, and upon this question the burden of proof was upon appellant. Evidence was received tending to prove that appellant sold out the business in January, 1905, and that its president, D. O. Pratt, had succeeded thereto and was conducting the same at the time the note was executed. Under the pleadings, respondent was entitled to prove all the facts and circumstances throwing light upon the question at issue, viz.: Who was conducting the business at the time the note was given, and who bought the goods? If appellant held itself out to the public as still in business, that was an important fact, bearing upon the question of Pratt's authority to execute the note, and also upon the question of estoppel. It was shown that during a greater portion of that period respondent continued to deliver coal and material to the greenhouse, that the account was charged to appellant, and that checks signed by appellant were generally issued in payment of its obligations. Respondent testified that he had no knowledge that the company had transferred the greenhouse and the business to Mr. Pratt until after the execution of the note, and it was not shown by appellant that after the alleged transfer of the business in January, 1905, any notice of that fact was made public, or that there was any change in the method of transacting its business so far as the general public was concerned. On the contrary, appellant's advertisement continued to run in one of the local papers. It was for the jury to determine, from all the evidence, whether or not the president of the company, Mr. Pratt, had in fact succeeded to the ownership of the property at the time the goods were sold and the note executed. It was also a question for the jury whether or not, under all the circumstances, appellant was estopped by its conduct to deny its liability on the note. The evidence was sufficient to sustain the finding of the jury upon both of these propositions, and we find no errors in the rulings.

We do not consider the assignments of error directed to the charge of the court on the question of estoppel. No exceptions were taken, and no errors specified in the motion for a new trial.

Affirmed.