## W. A. KELLY v. SOUTHERN AMUSEMENT COMPANY.[1]

### December 17, 1915.

### Nos. 19,458—(129).

**Corporation — evidence of signature.**

1. G. S. 1913, § 8448, providing that "every written instrument purporting to have been signed or executed by any person shall be proof that is was so signed or executed until such person shall deny the signature or execution of the same by his oath or affidavit," applies to an instrument purporting to be executed by a corporation, and applies to a written contract of employment, by which the corporation agrees to pay a salary for services to be rendered. The fact that one of the two officers of the corporation who executed the contract on its behalf has died before the trial does not render the statute inapplicable.

**Contract valid.**

2. The trial court was justified from the evidence in instructing the jury that the contract was valid and binding on defendant.

**Verdict sustained by evidence.**

3. The evidence was sufficient to sustain the verdict of the jury that defendant was not justified in discharging plaintiff.

Action in the district court for Hennepin county to recover $1,360 for breach of contract. The answer specifically denied that defendant entered into any contract with plaintiff. The case was tried before Waite, J., who when plaintiff rested and at the close of the trial denied defendant's motion to dismiss the action, and a jury which returned a verdict

[1] Reported in 155 N. W. 214.

for $1,274. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Charles B. Elliott,* for appellant.

*John M. Rees,* for respondent.

BUNN, J.

Plaintiff sought to recover in this action damages for the breach of a contract under which defendant employed him as its manager for a period of five years. The issues were as to whether there was a valid contract of employment, and if so, whether plaintiff was guilty of such misconduct as to justify defendant in discharging him. The trial court held as a matter of law that the contract was valid, and submitted to the jury the question whether the act of defendant in discharging plaintiff was justified. The jury decided this question in the negative, and returned a verdict for plaintiff. Defendant appeals from an order denying its alternative motion for judgment *non obstante* or a new trial.

1. One of the assignments of error questions the ruling of the trial court in receiving in evidence the contract sued upon. The contract purported to be executed on behalf of defendant corporation by its president and secretary. The answer of defendant contained a denial of its execution, but the pleading was not verified. When plaintiff offered the contract in evidence, it was objected to on the ground that it was executed without authority of the board of directors. Before ruling finally on this objection, evidence was received showing that plaintiff performed services for defendant under the contract, and received pay therefor, for a period of three or four years after its execution. Plaintiff also testified that the contract was executed by the president and secretary of defendant at a meeting of its board of directors, which was then composed of the president, secretary and plaintiff's wife. There was no evidence that it was executed by authority of the board. The court finally admitted the contract in evidence, largely on the theory that plaintiff worked under the contract for four years, and received a salary. We think the ruling was correct, if not on the ground it was placed, at least under G. S. 1913, § 8448. This section provides that "every written instrument purporting to have been signed or executed by any person shall be proof that it was so signed or executed until such person shall deny the signa-

ture or execution of the same by his oath or affidavit; but this shall not extend to instruments purporting to have been signed or executed by a person who has died before the requirement of such proof." There can be no doubt that the provision is applicable to an instrument purporting to be executed by a corporation. La Plant v. Pratt-Ford Greenhouse Co. 102 Minn. 93, 112 N. W. 889. There was no denial under oath of the execution of the contract, and we are unable to hold that the death of the secretary made the statute inapplicable. Defendant contends that this section applies only to negotiable instruments. We cannot so hold. The words "every written instrument" cannot, by any rule of construction, be said to mean only promissory notes and bills of exchange. The fact that the first part of the section relates only to actions brought on promissory notes or bills of exchange, is not persuasive that the plain language of the last part should be so construed. There seems no room for construction.

2. The only effect of the failure of defendant to deny under oath the execution of the contract, was to make it admissible in evidence without extraneous proof of the signatures or of the action of the board of directors authorizing its execution. After it was received in evidence, defendant was at liberty to rebut the *prima facie* case made. But the burden of proof was upon defendant. All this is well settled by our decisions. We have examined the record with care and reach the conclusion that the court was justified in directing the jury that the contract was valid and binding upon defendant. There was no affirmative evidence tending to show want of authority in the officers to execute the contract, and it would be very difficult to sustain a finding that defendant had not ratified it by permitting plaintiff to act under it for four years, paying his salary and receiving the benefit of his services.

3. Whether defendant was justified in discharging plaintiff was, on the evidence, for the jury to say. There was controversy over certain acts of plaintiff in regard to money matters, but the evidence was by no means conclusive that he was guilty of conduct warranting his discharge. The verdict has ample evidence to sustain it, and it must stand.

Order affirmed.