## CITIZENS STATE BANK OF McINTOSH v. WALTER T. WEBSTER.[1]

May 2, 1930.

No. 27,848.

*L. S. Miller,* for appellant.
*Toivonen & Harri,* for respondent.

OLSEN, C.

Plaintiff, hereinafter referred to as the bank, appeals from an order denying its motion for judgment or a new trial.

The suit is to recover against the defendant as maker of a promissory note, dated May 2, 1922, due September 2, 1922, for the

[1]Reported in 230 N. W. 785.

amount of $3,250. The verified answer of the defendant, after admitting plaintiff's corporate character, was a general denial of the complaint.

■ The issue tried was whether the defendant had executed this note—whether he had signed or given the note. The general denial in the answer was not a sufficient denial by oath or affidavit, under G. S. 1923 (2 Mason, 1927) § 9887, to require the plaintiff, in the first instance, to present any evidence to prove execution of the note by defendant. The note could be introduced in evidence without proof of signature. However the statute prescribes a rule of proof, not a rule of pleading; and under the general denial in the answer the execution of the note was made an issue, but with the burden of proof resting on the defendant. It was incumbent upon the defendant to present evidence reasonably sufficient to overcome the proof which under this statute results from the presentation of the note in evidence. P. P. Mast & Co. v. Matthews, 30 Minn. 441, 16 N. W. 155; Cowing v. Peterson, 36 Minn. 130, 30 N. W. 461; McCormick H. M. Co. v. Doucette, 61 Minn. 40, 63 N. W. 95; McGinty v. St. Paul M. & M. Ry. Co. 74 Minn. 259, 77 N. W. 141; Porter v. Winona & D. Grain Co. 78 Minn. 210, 80 N. W. 965; LaPlant v. Pratt-Ford G. Co. 102 Minn. 93, 112 N. W. 889; National City Bank v. Zimmer Vacuum R. Co. 132 Minn. 211, 156 N. W. 265.

■ The court submitted the issue to the jury, and a verdict for defendant was returned. The appeal presents the question whether the verdict is sustained by the evidence, the errors assigned being that the court erred in refusing to grant plaintiff's motion to set aside the verdict and grant judgment for plaintiff, and in refusing to grant a new trial on the ground of insufficiency of the evidence to sustain the verdict. The question for review here is whether there is any evidence reasonably sufficient to sustain the verdict. Where a motion for a new trial, on the ground that the verdict is not justified by the evidence, has been denied by the trial court, the order will be reversed on appeal only where there is no evidence reasonably tending to sustain the verdict, or where it is so manifestly against the weight of the evidence that the trial court abused its discretion in denying the motion.

Defendant's testimony is not clear or definite as to his not having signed this note. He testified that he had not seen this note until in February, 1929, when the note was brought into court in this action; that the signature resembled his signature; that he had no knowledge of ever having signed it; that he had not borrowed any money from the plaintiff since long prior to the date of the note; that he had never signed any such note for the accommodation of his brother, with whom he had been in partnership; that to his knowledge he never had signed the note; that if he had signed a note of that size he believed he would have recollected it; that he had no recollection of his brother's ever asking him to sign such a note; that he had signed notes to the plaintiff some 15 or 16 years back while in business with his brother, but that these notes had been taken care of; that he had no idea as to how the note came into existence. He did at one time say that it was his signature, but qualified the statement by saying that it looked like his signature.

If this were all the evidence on the issue, it could hardly be said that there was sufficient evidence to sustain the verdict. But other facts and circumstances shown must be considered. The case was tried more than seven years after the date of the note. The cashier of plaintiff bank was the only witness called for plaintiff. He had been with the bank as its managing officer since 1917. He was unable to give any definite information as to the inception of this note. He testified that it was a renewal of a prior note dated December 24, 1921, which he produced; that he believed this prior note was also a renewal of earlier notes; that defendant did not sign the note in suit at the bank or in his presence; that his recollection was that E. A. Webster, defendant's brother, transacted the business with the bank, and that the note was made out and delivered to the brother and brought back to the bank by him; that he had seen defendant's signature on other instruments and believed this was his signature. It further appeared that E. A. Webster died about the time or shortly after the note became due; that Mr. Conger, the president of the bank, residing at Crookston,

was appointed as administrator of the E. A. Webster estate; that a claim against his estate on this note was filed in the probate court by the bank, its claim being based on some guaranty or agreement by E. A. Webster; that the estate has not been closed and no payment made on the claim so filed; that the estate will not be sufficient to pay out in full; that on September 24, 1925, the bank charged off $1,250 on this note and thereafter carried it as an asset of the bank for $2,000 only; that this suit was commenced a few days before the note became barred by the statute of limitations; that the note bears interest at nine per cent per annum, but no interest has been collected thereon.

In the meantime defendant lived for some six years on a farm, owned by the bank, about 50 miles from its place of business. He occupied the farm as tenant of the bank and accounted to the bank for a share of the crops as rent. He gave the bank a note and chattel mortgage for $150 for some personal property and paid same. He also paid some other small claims held by the bank. The bank officers wrote numerous letters to defendant, some 30 in number, about different matters of business or relating to the farm matter. The officers of the bank also visited the farm at times and talked with the defendant. In all that time and until after this action was brought, neither the officers of the bank nor any one else, either by word or by letter, mentioned this note to defendant or made any demand on him for payment of the principal or interest thereon. The conduct of the bank officers is so unusual as to cast suspicion on the note. The cashier does testify that he did not think defendant would have been able to pay, and for that reason he did not mention the note to him. But defendant was operating the farm. He had some personal property. He paid another note and some other claims to the bank. As landlord the bank was in a favorable position to obtain such payment or security as defendant was able to give. The failure to ask for payment or call defendant's attention to the note is not explained.

There was introduced in evidence, besides the note of December 24, 1921, a note and chattel mortgage given by defendant to the bank on November 21, 1925, for comparison of signatures. View-

ing these exhibits as nonexperts, we do not see much difference in the signatures, except that the note in suit is signed "Walter T. Webster" and the other exhibits "W. T. Webster." No importance was placed on this difference by defendant, and we place none thereon. But the exhibits were all submitted to the jury and presumably given due consideration.

Plaintiff suggests that if a new trial is granted experts may be obtained to testify favorably to it as to signatures and other evidence presented. But that is not a ground for a new trial unless it is newly discovered evidence and a motion for a new trial made on that ground. No motion was made on that ground.

Taking the record as a whole, we conclude that there is evidence reasonably tending to sustain the verdict and that it is not so manifestly against the verdict as to justify this court in interfering after denial of the motion by the trial court. That court was in a better position than this court is to pass upon the sufficiency of the evidence, and we cannot say that the trial court abused its judicial discretion.

Order affirmed.