EDYTHE KRUEGER CHRISTIANSON v. E. LINDQUIST AND OTHERS.[1]

November 18, 1938.

No. 31,805.

*Edward Lindquist,* for appellants.
*Freeman & Lane,* for respondent.

[1]Reported in 282 N. W. 273.

534

PETERSON, JUSTICE.

This is an action to recover the balance due on a promissory note alleged to have been executed and delivered by defendants to plaintiff on June 20, 1930. The answer is a verified general denial, in which it is alleged that defendants executed and delivered to plaintiff a note of the same date and amount as that alleged in the complaint, but it is not stated to be the identical note. Defendants counterclaim for $875 for legal services rendered between 1928 and 1932 by the defendant Lindquist to the plaintiff, one-third of which claim has been assigned to each of the defendants other than Lindquist. At the trial plaintiff offered the note in evidence without any proof of the signatures, to which defendants objected, but the note was received over their objection. Thereupon plaintiff rested and defendants offered to prove the counterclaim, but the court sustained plaintiff's objection thereto upon the grounds that defendants had failed to serve a bill of particulars pursuant to demand made in August, 1937. The case was tried in December, 1937. At the trial defendants attempted to serve a bill of particulars in open court, to which plaintiff objected, and that objection was sustained.

The only assignment of error discussed is the alleged error in receiving the promissory note in evidence without proof of the signature. 2 Mason Minn. St. 1927, § 9887, provides that every written instrument purporting to have been signed or executed by any person shall be proof that it was so signed or executed until such person shall deny the signature or execution of the same by his oath or affidavit. The statute prescribes a rule of evidence, not of pleading. A general denial puts the execution of the note in issue. By the terms of the statute the note itself is proof that it was executed by the person purporting to have signed it until denial of the signature is made by his oath or affidavit. A specific verified denial of the signature or execution is required to overcome such proof. A verified general denial is not sufficient. Plaintiff was entitled to put the note in evidence without first proving its execution. Citizens State Bank v. Webster, 180 Minn. 279, 230 N. W. 785. When the note was so received plaintiff made out a *prima facie* case. On

the trial the defendants had the right to deny the execution of the note. By failure specifically to deny the execution of the note by oath or affidavit the defendants assumed the burden of going forward with evidence to disprove its execution. McCormick H. M. Co. v. Doucette, 61 Minn. 40, 63 N. W. 95. Defendants did not introduce any evidence to deny the execution of the note. Consequently plaintiff was entitled to recover.

Affirmed.