the superior court to grant a new trial on the ground that the verdict is contrary to and without evidence to support it, the facts being substantially the same on the last trial as they were when the nonsuit was granted.

2.   Where a railroad company leaves a dangerous machine, such as a turn table, unfastened in a city, on a lot which is not securely inclosed, and where people and children are wont to visit it and pass through it, this is negligence on the part of such company, and where an infant of ten or twelve years of age resorted to the turn table and in riding upon it was dangerously and seriously injured, the said railroad company is liable for damages for such injuries to the infant.

3.   And this is so, notwithstanding the father of the infant permitted her to go near the turn table to carry breakfast to a minor brother who had been left by the father to protect other property of the company than the turn table. The fault of the father if any, is not attributed to the infant, the action being brought by the infant herself.

Judgment in main case reversed; affirmed on cross-bill of exception.

Louis F. Garrard, for plaintiff.

Peabody, Brannon & Battle, for defendant.

---

### GREEN vs. MANN.

CLAIM, FROM GORDON.   Debtor and Creditor.   Levy and Sale.   Actions.   Principal and Surety.   Fraud.   Claims.   Parties.   (Before W. K. Moore, Esq., Judge pro hac vice.)

Hall, J.—Under equitable pleadings in a claim case, the following facts, in brief, were alleged: A lot of land was sold to one Green and one Johnson jointly, half of the purchase money being paid cash, and a joint note being given for the balance. Green made the entire cash payment, which was his full proportion of the indebtedness.   The land was conveyed to them jointly, and they afterwards divided it between themselves, each taking from the other a conveyance to the part assigned to him.   The note for the deferred payment was sued, a joint judgment was recovered, and the execution was levied on that portion of the land assigned to Johnson in the division.   Had it been sold for what it was reasonably worth, and what it would have brought at a fair sale, it would have satisfied the execution, the full amount of which was legally and equitably chargeable to Johnson.   It was not fairly sold, because it was agreed between the vendor and Johnson that the former should bid it off for the benefit of the latter, who should have have time to redeem it, in consequence of which agreement, and the representations of the

vendor to others, persons attending the sale, were deterred from bidding, and the property was sold for less than half its value and less than the amount of the execution. A homestead was set apart in the portion of the land held by Green, and to a levy of the *fi. fa.* his wife interposed a claim for herself and minor children. The evidence was conflicting:

Held, that the real point to be settled was whether the vendor, by his dealings with Johnson, deprived Green of the right and power of subjecting Johnson's property to the payment of the balance due on the execution, and whether he did so with the knowledge that Green had already paid his proportionate part of the debt, and that the land had been divided between him and Johnson for the purpose of severing their joint interest and fixing the liability of each of them as between themselves as to the payment of this execution debt, and whether, by any of his contracts with Johnson, to which Green was not a party, the vendor so depressed the sale of the land as that it failed to bring a sufficient amount to satisfy the demand he held against them. If such are the facts, Green would be discharged from the liability.

(a) It was error to so charge as to withdraw from the consideration of the jury all right and interest which Green and the claimant under him had in the appropriation of the portion of the land assigned to Johnson, and to make it liable for the payment of this execution, without recourse upon him, or to so charge as to prevent the jury from considering evidence tending to show a purpose on the part of the vendor and Johnson to divert from its proper application the proceeds arising from a fair sale of the land, in fraud of the rights of Green.

(b) Joint debtors have a right of contribution which may be enforced like that of co-sureties, and if the creditor so acted as to place the property of one of the joint debtors beyond the reach of the other, he would be responsible to the latter for the injury done by such wrongful diversion; and this injury may be set up in a claim case, as a discharge, at least to the extent of the damage done, as well as by an action for damages. Code, §§3132, 3599, 2124; Neel, receiver, *vs.* Morris, 73 Ga., (in press).

(c) If Green is not already a party, he may be made such, as may also his co debtor, Johnson, and all the rights of the parties may be determined on this proceeding, or Green might set up his defense by illegality.

Judgment reversed.

J. A. Jervis; Dabney & Fouche; W. C. Glenn, for plaintiff in error. T. C. Milner; R. J. McCamy; McCutchen & Schumate, for defendant.

34