## McCORMICK HARVESTING MACHINE COMPANY v. JOSEPH DOUCETTE.[1]

May 6, 1895.

Nos. 9301—(84).

**Action on Note—Answer Denying Execution.**

G. S. 1894, § 5751, construed, and *held*, that it is not a rule of pleading, but one of evidence.

**Same.**

In an action upon a written instrument, purporting to have been signed by the defendant, a special denial that the defendant signed the note in an answer verified on information and belief is not a denial under oath or affidavit, as contemplated by this statute, of the signature or execution of the instrument, so as to put the plaintiff, in the first instance, to the proof of its execution.

**Same.**

A general denial alone, however, does put in issue the execution of the instrument, but the burden is upon the defendant to establish the fact that he did not execute the instrument.

Bausman v. Credit Guarantee Co., 47 Minn. 377, explained.

[1] Reported in 63 N. W. 95.

Appeal by defendant from an order of the district court for Morrison county, Baxter, J., denying a motion for a new trial.    The case was tried without a jury and the court ordered judgment in favor of plaintiff for $246.10.    Reversed.

*Taylor, Calhoun & Rhodes,* for appellant.

*Lindbergh, Blanchard & Lindbergh* and *E. P. Adams,* for respondent.

START, C. J.    The complaint is upon a promissory note, alleging that the defendant made the note.    The answer, so far as here material, is as follows: "Answering the complaint   *   *   *   defendant shows to the court and alleges:    First, that he denies each and every allegation, and each and every part of each and every allegation in the said complaint contained; second, that he expressly denies that he either signed, or caused to be signed, the note described in said complaint."    It did not contain any allegations stated upon information and belief, and was verified by the defendant that it was true of his own knowledge, except as to matters therein stated on information and belief, and as to such matters he believed it to be true.    On the trial the plaintiff introduced the note in evidence, without objection, and rested.    The defendant was then sworn as a witness on his own behalf, and asked if he ever signed or authorized any one to sign the note for him; also, if the signature to the note was his.    Plaintiff objected, on the ground that such evidence was inadmissible under the pleadings, for the reason that the defendant had not denied the signature or execution of the note by his oath or affidavit, pursuant to G. S. 1894, § 5751.    The objection was sustained, and defendant duly excepted to the ruling, and rested his case.    From an order denying his motion for a new trial the defendant appeals.

Assuming, without so deciding, that the special denial in the answer of the defendant was not sufficient under this statute, because verified on information and belief, to put the plaintiff to the proof of the execution of the note before it could be introduced in evidence, still the answer was good as a pleading.    Moen v. Eldred, 22 Minn. 538.    The execution of the note by the defendant was in issue, but, by reason of his failure to comply with the statute as to denying his signature or the execution of the note by his oath or

affidavit, the plaintiff was entitled to and did put the note in evi-dence, without being required to first prove its execution. This statute is not a rule of pleading, but one of evidence, and the only effect of the defendant's failure to comply with it was that he took upon himself the burden of the issue as to the execution of the note. When the plaintiff produced the note, purporting to have been made by the defendant, and offered it in evidence, it estab-lished its cause of action; but it was competent for the defendant to deny his signature on oath on the trial, and give any other com-petent evidence tending to establish his defense, viz. that he did not execute the note. The ruling of the trial court deprived him of this right.

The case of Bausman v. Credit Guarantee Co., 47 Minn. 377, 50 N. W. 496, relied upon by respondent in support of his contention that the general and special denials in the answer did not put in issue the execution of the note, does not support the proposition. What was decided in that case was, as shown by the first subdivi-sion of the syllabus and the cases cited in the opinion, that a gen-eral denial in a verified answer was not a denial of the signature or of the execution of the contract, so as to put the plaintiff to the proof of its execution. This court has never held that a general denial in such cases did not make an issue as to the execution of the instrument, and what was said to the contrary in Bausman v. Credit Guarantee Co. was inadvertently said. Thus, in Johnston Har-vester Co. v. Clark, 30 Minn. 308, 15 N. W. 252, it was held that an answer verified by the attorney, denying the execution of the in-strument, was not such a denial, upon oath, of the execution of the instrument, as to put the plaintiff to other proof than such as the instrument itself afforded by virtue of the statute. The case of Cowing v. Peterson, 36 Minn. 130, 30 N. W. 461, was an action upon a written contract. The verified answer was a general de-nial. On the trial, the contract, without proof of its execution, was received in evidence against the defendant's objection; and this court held that the answer was not such a denial of the signa-ture or execution of the instrument under oath as contemplated by the statute. In Mast & Co. v. Matthews, 30 Minn. 441, 16 N. W. 155, the effect of a general denial in a verified answer as to the proof of the execution of the instrument upon which the action was pred-

icated was not before the court, but the court does say in this case that "the purpose of the enactment appears to have been to relieve a party of the trouble and expense of proving in the first instance an alleged fact, the existence or non-existence of which is necessarily within the knowledge of the adverse party." This is a direct recognition of the statute as a rule of evidence, and not as a rule of pleading.

Order reversed.