JOHN FITZGERALD v. THOMAS ENGLISH.

July 8, 1898.

Nos. 11,126—(199).

G. S. 1894, § 5751—Signature to Instrument—Proof of Execution.
    Held, G. S. 1894, § 5751, does not permit the introduction in evidence of a written instrument, without proving the signature to the same, when the alleged signer is dead, or when he is not a party to the action. It is not sufficient to prove the signature of a witness to the instrument.

Estate of Decedent—Acknowledgment of Debt by Deceased—Consideration—Execution—Inadequacy of Consideration.
    The deceased, in his lifetime, wrote a letter to his brother, stating that he was indebted to his brother in the sum of at least $500, which he states is "for taking care of me during my sickness, and paying all expenses thereof. * * * You can put in your claim against my estate for the amount of $500, which I hereby acknowledge owing to you." The letter was signed, but not witnessed as required by G. S. 1894, § 4426. This letter is made the foundation of a claim against the estate of said deceased. Held, the recital of a consideration in the letter is evidence that there is such a consideration, but this may be disproved. If there is no

such consideration, the instrument could only take effect as a will, on being executed pursuant to said section 4426. If there is such a consideration, the instrument may be allowed as a claim against the estate. But, if it appears from the evidence that there is a gross inadequacy of consideration, it tends to prove that the deceased intended to evade said statute; and, if that intent is found, the claim shall be allowed for only the amount of the consideration, or the reasonable value thereof.

Appeal by John Fitzgerald, as administrator of the estate of David O'Neil, deceased, from an order of the district court for Ramsey county, Willis, J., denying his motion for a new trial, after finding that the claim of Thomas English was a valid claim against said estate. Reversed.

*R. A. Walsh,* for appellant.

*Christopher A. Gallagher,* for respondent.

CANTY, J.

David O'Neil was a resident of St. Paul, in this state, and on July 27, 1895, died intestate. Letters of administration were issued on his estate, and, pursuant to notice to creditors to file claims, the respondent, English, filed a claim which was allowed by the probate court. The administrator appealed to the district court from the allowance. The district court also allowed the claim, and from an order of that court denying a new trial the administrator appeals to this court.

English presented the claim as assignee of Michael O'Neil, the brother of the deceased. Michael O'Neil resided at Chicago, Ill. On March 3, 1892, David wrote Michael the following letter:

"St. Paul, Minn., March 3, '92.
"Mr. Michael O'Neil, Chicago, Ill.
"My Dear Brother:
I am getting old and feeble, and liable to be called at any moment, and for this reason I have thought proper to send you herewith a copy of my last will and testament. I feel grateful and indebted to you for what you have heretofore done for me, in taking care of me during my sickness and paying all expenses thereof, amounting in the aggregate to at least five hundred dollars.

As an acknowledgment of this kindness on your part, I have made you a co-beneficiary with my two children, David and Johanna, in the residue of the estate I may leave. I intend this in full satisfaction of what I justly owe you, and, should anything happen by

which my said will should disappear, you can put in your claim against my estate to the amount of five hundred dollars, which I hereby acknowledge owing to you, with interest for the period of six years, up to the date of the allowance of your claim by the probate court having jurisdiction in my estate. I hope you are getting along well. I shall be pleased to hear from you often.

"Believe me, your affectionate brother,

　　　　　　　　　　　　　　　　　　　"David O'Neil."

This letter is the foundation for the claim so allowed, and the only proof made of the claim was the introduction of this letter in evidence, with proof that David signed it; and it is fair to infer from the evidence that he sent it through the mails to his brother Michael at Chicago, but no copy of any will was sent with it. English introduced in evidence what purported to be a written assignment of the claim to him by Michael. On this evidence, the court allowed the claim for the sum of $702.35.

1. Said assignment purported to be signed by Michael O'Neil, and to be witnessed by one Kinnane. The claimant, English, proved the signature of Kinnane, and, without proving the signature of O'Neil, offered the instrument in evidence. Appellant objected on the ground that it had not been shown that the assignment was executed by Michael. The objection was overruled. This is error. G. S. 1894, § 5751, does not apply, for two reasons: (1) Because it affirmatively appeared that, at the time of the trial, Michael was dead; and (2) because he was not a party to the proceeding. See P. P. Mast & Co. v. Matthews, 30 Minn. 441, 16 N. W. 155, and Lydiard v. Chute, 45 Minn. 277, 47 N. W. 967.

2. It is further contended that the evidence shows that there is no consideration for the claim in question, and that the recitals in the letter above quoted, admitting consideration, are false. In our opinion, it is a question whether David O'Neil did not, by this letter, attempt to make of his property a testamentary disposition, of a character which required the letter to be executed, witnessed and probated as a will. See Conrad v. Douglas, 59 Minn. 498, 61 N. W. 673. It does not follow, from the mere fact that a note, bond or other instrument is made payable after the death of the obligor, that it can be given effect only as a will. 29 Am. & Eng. Enc. 146–148.

On the question of when such an instrument can be given effect only as a will, there is so much confusion in the authorities, and so little light to be derived from them, that we have concluded to lay down a few simple principles which will aid us in disposing of the case: (1) There is a distinction between an instrument for which there is a consideration and one for which there is not. (2) There is a distinction between an instrument which vests or transfers an interest in property during the lifetime of the obligor or donor, and one which does not. Where there is a consideration for the instrument, it is not revocable, and it is not a will, or at least is something more than a will. Jarman, Wills, 18, note. But where there is in fact no consideration for the instrument, and it is wholly executory, and no title to or interest in any specific property will vest by it during the lifetime of the donor or obligor, the instrument can only be given effect as a will. It is merely a testamentary gift.

Some of the authorities seem to hold that, if such an instrument is under seal, it conclusively implies consideration. But so to hold where there is in fact no consideration for the instrument would be to make the fiction of a seal override the statute requiring wills to be signed by two witnesses and probated. The statute does not except wills under seal. The same may be said of the false recital of a consideration in the instrument. If in fact there is no consideration for the instrument, the donor cannot evade said statute by admitting that there is. Of course such recital is evidence that there is a consideration, but it may be rebutted. There are cases which hold that if the instrument, by its terms, creates a debitum in præsenti, though the solvendum be in futuro and even after the death of the obligor, it is sufficient. See Cover .v. Stem, 67 Md. 449, 10 Atl. 231. But, if there is in fact no consideration for the instrument, the form of the promise ought not to save it and make it valid. Again, if there is in fact a consideration, the form of the promise ought not to render the obligation invalid.

The instrument here in question was not signed by two witnesses, as required by G. S. 1894, § 4426. But it recites a consideration full and adequate, and such recital is evidence that there is such a consideration. However, this recital can be disproved. There is evidence tending to prove that, if there was a consideration for this

instrument, it was much less than the amount admitted in the instrument. The fact that there may be a small amount due from the maker of the instrument does not give him a right to evade the statute regulating the execution of wills by acknowledging a large amount to be due, and binding his estate for the payment of the same after his death. A slight deficiency of consideration is not sufficient to destroy the effect of what appears to be an account stated, or perhaps an accord and satisfaction, but a gross deficiency of consideration is evidence that the maker of the instrument intended to evade the statute; and, if that intent is found, the claim should be allowed for only the amount of the consideration, or the reasonable value of the same.

There is nothing in the point made by appellant that it does not appear that there is no will, and therefore the letter cannot, according to its own terms, be presented as a claim. The fact that administration has been taken out, and no will has been offered for probate, is evidence that there is none.

Order reversed, and a new trial granted.