'A. Y. BAYNE and Others v. GREINER'S ESTATE.

GEORGE G. EITEL and Another v. SAME.[1]

June 28, 1912.

Nos. 17,604, 17,605—(157, 158).

**Contract — consideration.**

Several persons, who were jointly and severally liable upon certain promis-sory notes theretofore executed by them, aggregating $36,000, for the pur-pose of equalizing the burden of liability, entered into an agreement ap-portioning the debt among them, and thereby each assumed and agreed to pay the amount apportioned to him in full discharge of his liability on the general indebtedness. It is *held* that, though not binding upon the creditor, the agreement was valid between the parties thereto, and that the mutual promises of each to pay the part of the .debt apportioned to him was a sufficient consideration to support the contract.

**Payment by joint debtors — contribution.**

One of the parties to the agreement neglected to pay the part of the debt assigned him, and it was paid by his associates. It is *held* that those so paying were entitled to contribution, and that it was not incumbent upon them to show that the defaulting party had been requested to pay.

**Proof of signatures to instrument.**

The agreement referred to was in writing, signed by all the parties, and duly acknowledged by them before an officer authorized to take the same. It is *held* that the agreement was admissible in evidence without further proof of the signatures of the several parties. Section 4730, R. L. 1905, has no application to instruments so acknowledged.

**Deposition taken before issue joined.**

In the case of an appeal from the probate court to the district court, the deposition of a witness to be used on the trial thereof in the latter court may properly be taken before issue is joined in the district court by the usual pleadings made up pursuant to an order of the court.

**Joinder of parties.**

A claim of misjoinder of parties *held* not sustained by the facts as stated in the opinion.

[1] Reported in 136 N. W. 1041.

**Findings — evidence.**

 Findings of the trial court *held* sustained by the evidence, and that the record presents no reversible errors.

Two actions in the district court for Carver county against the administrator of the estate of Frederick Greiner, deceased, one action by George G. Eitel and A. Y. Bayne to recover the sum of $750, and the other by A. Y. Bayne and six others to recover the sum of $1,250.

In the former action the complaint alleged that all the parties to the written contract mentioned in the opinion, except decedent, paid the several amounts apportioned to them in that contract; that decedent failed to pay the $750 he had agreed to pay, and plaintiffs were required to pay and did pay the amount apportioned to decedent; that after decedent's death the claim was presented to the probate court for allowance and disallowed. The answer to the complaint set up as a defense that, if decedent signed any notes, they were signed as an accommodation for the mining company and they were without consideration, and, if decedent signed the written contract, he signed the same without consideration; as a further defense it alleged that plaintiffs induced decedent to sign the notes and the contract by fraudulent representations as to the property of the mining company, and for a further defense set up the negligent management of the business of the company by plaintiffs as president and treasurer respectively. The reply alleged that plaintiffs and decedent were directors of the mining company; that the face value of the notes was turned over to the mining company to pay debts and develop its property; that the company credited plaintiffs and decedents with the money so paid and agreed to repay the same, and to secure the repayment executed its bond secured by trust deed and mortgage upon all its property for the benefit of the makers of the notes; and alleged that all the signers of the notes and contract had full knowledge of all such facts and executed the notes and agreement in the regular course of business.

The second action was to recover decedent's proportion of the amount paid by plaintiffs upon two joint promissory notes, signed

by decedent and plaintiffs, which became due after decedent's death. The answer set up that the notes were without consideration and were renewals of prior notes; that the indebtedness evidenced by the notes was extended by renewal notes which were not signed by decedent nor by defendant; and set up false representations by plaintiffs and negligent management of the business by plaintiffs. The reply contained similar allegations to those in the reply in the other action.

The cases were tried together before Morrison, J., who made findings and as conclusion of law ordered judgment in each case in favor of plaintiffs for the amount demanded. From an order in each case denying the motion of the estate for a new trial, it appealed. Affirmed in each case.

*Jesse Van Valkenburg,* for appellant.

*A. B. Choate,* for respondents.

BROWN, J.

The controversy in these two actions arises out of practically the same state of facts, and they are disposed of together. Briefly stated, the facts are as follows:

All the parties to the action, including decedent, Greiner, were members of the board of directors or stockholders of the Queen of the West Mines Company, a corporation owning and operating a gold mine in the state of Oregon, with its principal place of business in Minnesota. Some time in the year 1907, to procure funds to enable the corporation to carry on its development work and to defray its running expenses, the parties made and delivered to various third persons their joint and several promissory notes, aggregating $36,000, the proceeds from which were paid into the treasury of the corporation. On November 26, 1907, for the purpose of providing for the payment of this debt and distributing the same among those liable for its payment, the parties entered into a written contract apportioning the amount thereof to be paid by each. The consideration for the agreement and the assumption of a separate portion of the indebtedness was the mutual promise and agreement of each to pay and discharge the amount assigned to him in full of his obligations under

the notes. The contract provided that, if either of the parties should be required to pay more than the proportion assigned to him, he should have the right of reimbursement from those who failed to pay. One of the promissory notes, the payment of which was so apportioned, was payable to the Minnesota National Bank, for the sum of $5,000, of which $750 was apportioned to decedent, and he agreed to pay the same. Plaintiffs Eitel and Bayne were signers upon this note and liable to its payment.

The apportionment so made left a balance still unprovided for, and to meet the same and obtain additional funds for the corporation, plaintiffs Bayne, Eitel, Jones, Wright, Schefcik, Webster, Maurer, and decedent, in November, 1907, delivered to one Cole their promissory note for the sum of $10,000, the proceeds of which were applied in payment of the unapportioned general indebtedness, and the balance paid into the treasury of the corporation. The indebtedness so incurred by the parties was secured by a mortgage executed by the corporation to Maurer as trustee, covering its property and effects then or thereafter to be owned by it. This fact is, however, of no importance in the case, since the present controversy is between the individuals, and the corporation is not involved.

Decedent either refused or failed to pay the portion of the $5,000 note to the Minnesota National Bank assigned to him, namely, $750, and plaintiffs Bayne and Eitel, jointly liable with him upon the note, paid the same in full. Decedent died in April, 1910, and Bayne and Eitel presented their claim for reimbursement to the probate court for allowance against his estate. The probate court disallowed the claim, and plaintiffs appealed to the district court, where, after trial before the court without a jury, findings were made and judgment ordered in their favor for the amount claimed, $750 and interest. The administrator of the estate subsequently moved for a new trial, and appealed from an order denying it.

Decedent also failed to pay his proper share of the $10,000 note, signed by him with plaintiffs Bayne, Eitel, Jones, Wright, Schefcik, Webster and Maurer, and the parties named were compelled to and did pay the same in full. Subsequent to decedent's death plaintiffs presented a claim for one-eighth of the amount of the note, $1,250,

118 M.—23.

to the probate court, where it was disallowed. They then appealed to the district court, where their right of recovery was sustained, and the administrator appealed from an order denying a new trial.

1. In respect to the appeal from the allowance of the claim of plaintiffs Eitel and Bayne little need be said, for the questions raised are of no special importance. The purpose of the agreement apportioning the indebtedness among the several persons liable for its payment was to equalize the burden, to the end that all or any considerable portion should not fall upon any particular person. That the agreement as between the parties was perfectly valid, though not binding upon the creditor or creditors, is clear. The mutual promises to assume and pay the part assigned to each constituted a sufficient consideration to support the agreement (1 Dunnell, Minn. Dig. § 1758), and the agreement was in effect a severance of the previous joint liability, making all parties, as between themselves, individually liable to the creditor. But they were all still liable for the full amount to the creditor, and, if either was compelled to pay more than the share allotted to him by the agreement, he would be entitled to reimbursement from his associates who failed to pay. The law of contribution applies between joint debtors as well as between sureties. Chipman v. Morrill, 20 Cal. 131; Green v. Mann, 76 Ga. 246; Van Patten v. Richardson, 68 Mo. 379. And, moreover, the contract expressly so provided.

The contract appears to have been signed by all the parties and was formally acknowledged by them before a notary public. The point made that there was no testimony that decedent signed it, and for that reason that it was inadmissible in evidence, under section 4730, R. L. 1905, is not sound. That statute has no application to a contract, the execution of which is properly acknowledged. Romer v. Conter, 53 Minn. 171, 54 N. W. 1052.

The instrument involved in Fitzgerald v. English, 73 Minn. 266, 76 N. W. 27, was not formally acknowledged before an officer authorized to take an acknowledgment, and is therefore not in point.

Nor was it necessary to show that decedent had been requested to pay his share of the debt. The fact that decedent expressly obli-

gated himself to pay the portion of the debt set off to him, as well as the rule of contribution, rendered him liable, and it was not incumbent upon plaintiffs, to sustain their right of reimbursement, to show that he had been requested to pay his share of the same. The obligations of the parties grew out of their personal relations, and their rights are in no way affected by the fact that the affairs of the corporation may have been mismanaged. As individuals the parties by the method stated procured funds for the corporation, and their rights in the premises, as between themselves, are controlled by the contract they entered into for that purpose.

The further claim of appellant that there was an improper joinder of parties plaintiff is without merit. The plaintiffs are jointly interested in the claim for contribution, and they properly united in bringing the action.

This covers all questions necessary to be mentioned in the action wherein Bayne and Eitel are sole plaintiffs, and we come to the questions presented in the other case.

2. The facts in reference to this action have already been stated. The several plaintiffs and decedent gave their joint and several promissory note for $10,000. Plaintiffs have paid the same, and they ask for contribution from the estate of decedent.

The questions raised by appellant do not require extended discussion. The contention that the relation of the parties as to each other was that of surety, and that decedent was discharged from liability by an extension of the time of payment procured by plaintiffs, is without special merit. The relation of the parties to each other was perhaps that of surety; each, as between themselves, being secondarily liable for the payment of the part of the debt apportioned to the others. Chipman v. Morrill, supra; Green v. Mann, supra. But the rule that an extension of payment to the principal debtor without the consent of the surety discharges the latter has no application to the case, for the note given by plaintiffs, which appellant claims was an extension of the time of payment, was given and accepted by the creditor as payment, and not as an extension. The further contention that this was not such a payment as to entitle plaintiffs to contribution is not sustained. The payment in the form stated

was sufficient. Owen v. McGehee, 61 Ala. 440; Greene v. Anderson, 102 Ky. 216, 43 S. W. 195, 19 Ky. Law Rep. 1187; Chandler v. Brainard, 14 Pick. 285.

After the appeal from the probate court, but before issues had been framed in the district court, plaintiffs caused to be taken the deposition of the holder of the note so paid by plaintiffs, and appellant contends that it was improperly received in evidence, because issues in the action had not, at the time it was taken, been joined by proper pleadings. The objection is not well taken. The cause was pending in the district court from the time the appeal was perfected, and it seems clear that the fact that pleadings had not been prepared and filed, by order of the court or otherwise, is not a substantial objection to the deposition. There is no suggestion of prejudice, and appellant was afforded a full opportunity to appear at the hearing. He in fact appeared and cross-examined the witness; and the testimony taken was pertinent to the issues in the case, as made up by the pleadings subsequently filed.

This covers all that is necessary to be said. We have fully considered all the assignments of error, and discover no reason for interfering with the decision of the trial court. The findings are sustained by the evidence, fully cover all the issues, and there was no error in refusing to make additional findings.

The order denying a new trial is therefore affirmed in each case.