ALBERT KAUFFMAN AND OTHERS v. MARY KAUFFMAN AND OTHERS.[1]

July 13, 1917.

Nos. 20,411—(213).

**Will — contract between legatees — no right of action in plaintiffs.**

Parties interested under a will in the residue of an estate agreed to divide the residue in a manner different from that provided by the will and directed the executor to make division in accordance with their agreement. The executor did as directed and distributed the whole residue according to this agreement. After such distribution, those who received under the agreement less than they would have received under the will, cannot recover the difference from the executor nor from the other heirs.

Action in the district court for Ramsey county by Albert Kauffman, Aaron Kauffman, Clara Stapf, George Kurth, Elizabeth Miller, John Kurth, Charlie Kurth, Lena Burlingame, Gertie Kurth and Lillian Kurth to recover $3,410.05, the difference between the amount received by plaintiffs in the settlement of the estate of John Kauffman, deceased, and the amount which they should have received. The case was tried before Michael, J., who at the close of the testimony granted defendants' motion for a directed verdict. Plaintiffs' motion for judgment notwithstanding the verdict or for a new trial was denied. From the judgment

[1] Reported in 163 N. W. 780.

entered pursuant to the order for judgment, plaintiffs appealed. Affirmed.

*William E. MacGregor* and *Charles J. Andre,* for appellants.

*John C. Zehnder, P. H. O'Keefe* and *Louis P. Johnson,* for respondents.

HALLAM, J.

John Kauffman died leaving five children, seven children of a deceased daughter, Dora Kurth, five children of a deceased son, Henry, and two children of a deceased son, William. Four of the grandchildren were minors. Deceased left a will. By a residuary clause, he left his property, not otherwise disposed of, in equal shares to the living children and the above named grandchildren. The children were dissatisfied, and contended that a mistake was made by deceased in the preparation of his will and that he intended that the grandchildren should take only the share of their respective parents. A contract was accordingly prepared, modifying the rights of the parties to the residue of the estate so as to give each of the children one-eighth and to the grandchildren, children of each deceased child, one-eighth, by right of representation. The contract recited that, in order to avoid litigation over the construction of the will, it might be necessary to pay a missionary society a share in the residuary estate and the executor was authorized to pay to the missionary society such sum as the court may direct, before distribution among the parties to the contract, and the executor was authorized to make payment and division of the residue in accordance with the terms of the contract. Each contracting party agreed to accept the shares so received in full settlement and satisfaction of his claim to the residue of the estate. The probate court ordered the payment of $550 to the missionary society. This claim was purchased by the children of deceased. When the time for distribution came, there was a residue of $11,000 on hand to be divided. The grandchildren, who were minors, and who did not join in the contract, received their share in full in accordance with the terms of the will. The share allowed to the missionary society was paid to the assignees of this share. The balance of the residue was divided according to the proportions provided by the contract. Plaintiffs are grandchildren, who would have received more under the terms of the

will than they received under the terms of the contract. They bring this action against the executor and the children of deceased to recover the difference between what they received and what they would have received under the will. The trial court directed a verdict for defendants. Plaintiffs appeal.

It is alleged that the signature of plaintiffs to the contract was procured by fraud. There was some evidence introduced for the purpose of making proof of fraud, but, in our judgment, this proof wholly failed. There was no evidence of fraud in the transaction.

We may assume that the agreement was without consideration and could not have been enforced, and that, if these plaintiffs had protested before the distribution had been made, they could have received their full share under the will. But they did not do this. Whether the agreement was enforceable or not, so long as it was executory, it has been fully executed and the money distributed with the consent of all parties in accordance with the contract and cannot now be recovered. The money coming to each of the parties was his own, to dispose of as he saw fit. The grandchildren saw fit to direct the executor to divide and dispose of the residue in the manner outlined by the contract. Now that their directions have been fully carried out and full payment made, they are in no position to complain. A gift, fully executed by a delivery of the subject matter, is irrevocable.

Some claim is made that plaintiffs have not received the full amount coming to them under the contract. We think they have. All the money in the hands of the executor has been distributed. Plaintiffs would have received more had all the grandchildren been of age and parties to the contract. The amount paid on the missionary society legacy was the amount the court directed. This share was assignable and no reason appears why the children could not buy it. The executor made distribution in accordance with the authority conferred upon him by the contract.

We do not care particularly by what name this action is called. On principle, plaintiffs have no right of recovery against either the executor or the other heirs.

Judgment affirmed.