Gallagher et al. v. Grand Trunk Western Ry. Co., 207 Ill. App. 316.

while his nose was cut, it was not bleeding, but there was a small bruise under his eye, *held* that the admission of evidence as to the condition of plaintiff's face was not proper in rebuttal.

7. CARRIERS, § 344*—*when instruction on liability of carrier for assault by conductor. is correct*. In an action by a passenger against a street railroad company for damages for personal injuries due to an assault upon plaintiff by defendant's conductor, *held* that an instruction that after plaintiff alighted from the car the relation of passenger and carrier ended, and when plaintiff again boarded the car for the purpose of assaulting the conductor he was not a passenger but a trespasser, and that defendant was not liable for the conduct of the conductor towards the plaintiff while he was on the car for the purpose of assaulting the conductor, was correct.

8. APPEAL AND ERROR, § 1407*—*when judgment not disturbed because of inadequacy of*. A judgment will not be disturbed on appeal for mere inadequacy of damages awarded unless it is apparent that the verdict was the result of passion or prejudice in the jury or of errors of law by the court.

---

### John M. Gallagher and Maurice Ascher, copartners, trading as Gallagher & Ascher, Appellants, v. Grand Trunk Western Railway Company, Appellee.

### Gen. No. 22,607. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JACOB H. HOPKINS, Judge, presiding. Heard in this court at the March term, 1917. Reversed and judgment here. Opinion filed October 2, 1917. Rehearing denied October 15, 1917.

### Statement of the Case.

Action by John M. Gallagher and Maurice Ascher, copartners, trading as Gallagher & Ascher, plaintiffs, against the Grand Trunk Western Railway Company, the terminal carrier, defendant, to recover damages due to the freezing of canned tomatoes in transit.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Gallagher et al. v. Grand Trunk Western Ry. Co., 207 Ill. App. 316.

From a judgment against them for costs, plaintiffs appeal.

BAKER & HOLDER, for appellants.

L. L. SMITH, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 189*—*what is liability of carrier of interstate shipment*. Every carrier connected with an interstate shipment is liable for damage or loss to the property so received or transported, caused by its own negligence.

2. CARRIERS, § 189*—*when bill of lading of interstate shipment construed as contract of connecting carrier*. The bill of lading for an interstate contract issued by an initial carrier is to be construed, under the provisions of the Carmack Amendment to the Interstate Commerce Act, as the contract of the connecting carrier.

3. CARRIERS, § 197*—*when action for breach of contract may be maintained against terminal carrier*. An action for breach of contract for failure to properly transport and deliver goods, instead of an action in tort only, may be maintained against a terminal carrier, where goods are received by the consignee in a frozen condition, since the contract of the initial carrier is the contract of the terminal carrier.

4. CARRIERS, § 196*—*when evidence shows receipt of canned goods by terminal carrier in unfrozen condition*. In an action for breach of contract by a consignee against a terminal carrier for failure to transport canned tomatoes in safety, where it appeared that ten per cent. of the goods were examined by the federal authorities at an eastern port, to which they had been shipped from a foreign country, and found to be in good condition; that goods in the cases would not freeze unless exposed to a temperature of 6° Fahr. or lower, and that the initial carrier delivered bills of lading which recited that the goods were in apparent good order, evidence *held* sufficient to sustain a finding that the goods were not frozen at the time of their receipt by the terminal carrier from an intermediate carrier.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly same topic and section number.

5. CARRIERS, § 199*—*when bill' of lading is prima facie proof of condition of goods at time of receipt by initial carrier.* Bills of lading issued by an initial carrier reciting that the goods are in apparent good order are prima facie proof of the condition of the goods at the time they were received by the initial carrier. for shipment, in an action by a consignee against a terminal carrier for breach of contract in failing to transport the goods safely.