IN THE MATTER OF THE ESTATE OF FREDERICK ALMS, DECEDENT.
APPEAL OF WILLIAM SCHEFLER.[1]

October 20, 1922.

No. 22,966.

**Gift—child's contract with parent not testamentary.**

1. The contracts in controversy are not testamentary in character, for the property rights thereunder vested at the time they were delivered.

**Want of consideration will not avoid an executed contract.**

2. An executed contract cannot be avoided for want of consideration.

**Executed contract cannot be avoided by representative of estate.**

3. The contracts were fully executed by the decedent and cannot be avoided by the representative of his estate for insufficiency of consideration.

Upon the petition of the representattive of the estate of Frederick Alms, deceased, the probate court for Goodhue county, Ericson, J., allowed the final account of the administrator and assigned the residue of the estate to the parties entitled thereto. William Schefler appealed from the order of the probate court to the district court for that county, and the appellant and the administrator stipulated as to the questions of law submitted to the court. The matter was heard by Converse, J., who made findings and affirmed

[1]Reported in 190 N. W. 253.

the decree of the probate court. From the judgment entered pursuant to the order for judgment, William Schefler appealed. Affirmed.

*S. J. Nelson,* for appellant.

*Arthur E. Arnston,* for respondent.


TAYLOR, C.

Frederick Alms, Sr., a resident of Goodhue county, died intestate on August 30, 1918, at the age of 89 years, and his estate was duly probated in Goodhue county. At his death he held five contracts, each in the following form:

"Red Wing, Minnesota, January 9th, 1924.
$1,000.00.

I do hereby acknowledge that I have this day received from Frederick Alms, Sr., the sum of one thousand dollars, and in consideration thereof, I do hereby agree, and promise to pay to said Frederick Alms, Sr., interest on said sum at the rate of five per cent per annum; interest to be paid annually to said Frederick Alms, Sr., for and during the full term of the natural life of said Frederick Alms, Sr.

I furthermore agree to and with said Frederick Alms, Sr., to pay him on demand such sum or sums as he may need at any time demanded from me for his support, nursing, care, comfort and attention, and on such demand for such sum or sums shall then be due and payable to said Frederick Alms, Sr. On the death of said Frederick Alms, Sr., the remainder of the principal sum of this agreement shall be considered as fully paid, excepting the accrued interest, and the personal representative of the estate of said Frederick Alms, Sr., shall deliver said contract to me, and this agreement is accepted by said Frederick Alms, Sr., on above conditions."

Three of these contracts were executed respectively by three of his children; the fourth, instead of being executed by a married daughtr, was executed by her husband, and the fifth was executed for and on behalf of an incompetent son by his guardian. For brevity

we shall refer to the makers of all of them as children of the decedent.

The probate court held that liability upon these contracts, except for accrued interest, terminated at the death of the father, and refused to charge the administrator with the unpaid principal or to include it in the property distributed and assigned by the final decree. The son of a deceased daughter, who was not a party to any of these contracts, appealed to the district court. That court also held that the obligations of the children terminated at the death of the father, and rendered judgment to the same effect as that of the probate court. A further appeal brings the case to this court.

It was stipulated that at the time of making these contracts each of these five children received from their father the sum of $1,000 as the consideration therefor, and that each had paid the interest thereon during the lifetime of the father as provided in the contract. The contract required the child to pay the father interest thereon during his lifetime, and also required the child to pay the father, on demand, such sums as he might need at any time for his support, nursing, care, comfort and attention, but provided that at the death of the father the remainder of the principal sum should be considered as fully paid. So far as appears the father never asked for, and never needed, any of the principal.

It is claimed that the provision to the effect that the child was to repay only so much of the principal as the father should need in his lifetime did not absolve the child from liability for the principal not demanded by the father, and that it is the duty of the administrator to collect it. In support of this claim it is contended that the contract does not evidence a valid gift, is without consideration, and is testamentary in character.

1. We cannot sustain the contention that these contracts are testamentary in character. They went into effect and became operative at the time they were delivered, not at the death of the father. They were given for money received from the father at the time they were made, and the obligations assumed by the children were to be performed in his lifetime, not after his death. They contain

nothing giving the father any interest in or control over the money after he paid it, or postponing the passing of title until his death. The property rights under them vested at once. Such contracts are not testamentary in character. Innes v. Potter, 130 Minn. 320, 153 N. W. 604, 3 A. L. R. 896; Fitzgerald v. English, 73 Minn. 266, 76 N. W. 27; McLeod v. Hennepin County Savings Bank, 145 Minn. 299, 176 N. W. 987.

2. Neither can we sustain the contention that the contracts are invalid for lack of consideration to support them. The father paid $1,000 to each of these children, and, as the consideration for it, accepted the obligations assumed by the child. The contract was executory only on the part of the child. It was fully executed by the father when he paid the money, for he made no engagement to do or perform anything thereafter. An executed contract is valid even if there be no consideration for it. Peavey v. Wells, 136 Minn. 180, 161 N. W. 508; C. S. Brackett Co. v. Lofgren, 140 Minn. 52, 167 N. W. 274, L. R. A. 1918F, 998; Colby v. Street, 146 Minn. 290, 178 N. W. 599; Kauffman v. Kauffman, 137 Minn. 457, 163 N. W. 780. To paraphrase the language of Justice Dibell in the Peavey case:

The father had the right to transfer this money for any consideration, valuable or otherwise, which he saw fit to accept, or for no consideration at all. If he had transferred it to the child without exacting anything in return, it would have been a valid gift. Instead of making an outright gift, he chose to exact from the child a promise to make certain payments thereafter. As the undertakings on the part of the child were satisfactory to him and all that he exacted, their sufficiency as a consideration for the transfer is not open to question.

3. We are not to be understood as holding that the obligations assumed by the children were not sufficient to support executory contracts. There is no occasion to decide that question. It is also to be noted that the children have performed all the undertakings on their part, and that the several contracts have now been fully executed by both parties thereto.

Judgment affirmed.