## N. BRUNETTI v. DULUTH & IRON RANGE RAILROAD COMPANY AND OTHERS.[1]

July 2, 1926.

No. 25,502.

**Defendant objecting to document essential to plaintiff's case not bound by stipulation signed by other parties.**

1. A stipulation between plaintiff and one of several defendants, identifying a document essential to plaintiff's case, is not binding upon a defendant who did not sign it and who made timely objection to the introduction in evidence of the document in question.

**Section 9887 applies only to instrument on which action, defense or counterclaim is based.**

2. The latter part of sec. 9887, G. S. 1923, making signed written instruments automatic proof of their execution, applies only to an instrument on which the action, or a defense or counterclaim therein, is based.

Carriers, 10 C. J. p. 372 n. 67.
Evidence, 22 C. J. p. 349 n. 34; p. 935 n. 50.
Pleading, 31 Cyc. p. 531 n. 24.

[1]Reported in 209 N. W. 879.

Action in the district court for Hennepin county for damages in transit to a carload of grapes. The case was tried before Bardwell, J., who ordered judgment in favor of defendants. Plaintiff appealed from an order denying his motion for a new trial. Affirmed.

*G. H. Smith,* for appellant.

*Dennis F. Donovan,* for respondents.

STONE, J.

Action for damages in transit to a carload of grapes shipped from California to Gilbert, Minnesota. The initial carrier was the Fresno Interurban Railway which received the shipment and issued the bill of lading at Blackstone, California. It is not a party to this action. Three connecting carriers and the delivering carrier, the Duluth & Iron Range Railroad, are defendants. The trial was without a jury and the decision went against plaintiff as to all defendants. This appeal from the order denying plaintiff's motion for amended findings or a new trial challenges the decision only so far as it is in favor of the delivering carrier, the Iron Range Company.

1. There must be an affirmance and that without decision of the principal point urged by appellant. The argument is that the bill of lading and its recital of the receipt in apparent good order of goods then open to inspection put upon the delivering carrier, even in a case where the initial carrier is not a party, the burden of acquitting itself of negligence, and cites, inter alia: 4 R. C. L. 15; 6 Cyc. 422; Gallagher v. G. T. W. R. Co. 207 Ill. App. 316; Sprotte v. D. L. & W. R. Co. 90 N. J. L. 720, 101 Atl. 518.

That question is not for decision because, as to the only respondent, the Iron Range Company, the bill of lading is not in evidence. There is a stipulation between plaintiff and another defendant to which is attached what purports to be, and which by that stipulation is admitted to be, the bill of lading in question. Respondent is not a party to that stipulation. There is no attempt by any evidence aside from the document itself, to authenticate it and its introduction was objected to by the Iron Range Company for lack

of foundation. The court received it subject to that objection, but by its findings and the, to us, invaluable accompanying memorandum indicated very clearly that it was not considered competent against the delivering carrier. It was found that the evidence "does not disclose the condition of the grapes when loaded." That finding was based "wholly upon the theory that plaintiff had failed in establishing the fact that the connecting carriers were liable or that the goods shipped had been received by them in good condition."

Plaintiff is not helped at all by the separate answer of the Iron Range Company which admitted that "said car and the contents thereof was carried by this defendant from Duluth to Virginia pursuant to said bill of lading or special contract," "to which contract the said plaintiff was a party, and all of which is hereby referred to and expressly made a part hereof as if herein set out in detail and in full." That is but an admission of an obvious generality. It by no means concedes the genuineness of the bill of lading. Particularly it does not admit its recital of the receipt of the goods in apparent good order. Plaintiff did not identify by proper preliminary proof the particular bill of lading essential to his case.

2. Neither is plaintiff aided by sec. 9887, G. S. 1923, which provides in part that "every written instrument purporting to have been signed or executed by any person shall be proof that it was so signed or executed until such person shall deny the signature or execution of the same by his oath or affidavit." That applies only to an instrument on which an action is brought against the maker thereof or on which a counterclaim or defense is interposed. P. P. Mast & Co. v. Matthews, 30 Minn. 441, 16 N. W. 155; Fitzgerald v. English, 73 Minn. 266, 76 N. W. 27.

Order affirmed.