## EMMA O'HARA v. L. W. CRAWHALL.[1]

January 14, 1938.

No. 31,460.

L. W. *Crawhall,* for appellant.

*Harry S. Swensen* and *Loren Risk,* for respondent.

[1]Reported in 277 N. W. 232.

PETERSON, JUSTICE.

Plaintiff filed a claim in the probate court upon the following instrument alleged to have been executed by Rosa Heiden, deceased:

"Minneapolis Minn
"Aug 9th 1929

"I Rosa Heiden acknowledge that I owe my cousin Emma O'Hara the wife of Herbert O'Hara who lives at 5025 Lyndale Ave So Minneapolis Minn $3500.00 for nurseing and careing for me when I am sick  Dureing my life and doeing my washing and sewing I agree to destroy the will that I now have and make a new will and leave Emma O'Hara $3500.00   If I die before I make my new will Emma O'Hara can have $3500.00 out of my estate.

"Mrs Rosa Heiden"

The claim was allowed and the administrator appealed.  On the appeal plaintiff sought a recovery upon the express promise contained in the instrument and also upon a *quantum meruit* for the reasonable value of the services referred to in the instrument, it being claimed that she rendered such services except when prevented from doing so by deceased's living with other relatives.  Defendant denied the execution of the instrument by deceased, claiming it had no legal existence or validity.  The claim is that deceased was in the habit of writing her name on sheets of paper to practice her signature before signing checks and other papers and that on one of these sheets of paper with a practice signature on it plaintiff's husband wrote the body of the instrument above decedent's name. Plaintiff's husband testified that he first wrote the body of the instrument and that afterward decedent signed it.  Plaintiff and her husband both testified that decedent delivered the instrument to plaintiff, who turned it over to her husband for safekeeping.  The answer denied the execution of the instrument by decedent, and the evidence made the question one for the jury.  The court instructed the jury that the burden of proving her services and the value of them was upon plaintiff; that the burden of proving that the instrument was false, fraudulent, and a forgery was on defendant; and that if the jury failed to find in favor of defendant it was its

duty to regard the instrument as genuine, obligatory, and an admission of the obligation on the part of deceased to pay plaintiff $3,500 out of her estate "and would entitle her to that amount provided you find that Mrs. O'Hara fairly and substantially performed the services contemplated by the writing." The jury was also instructed that if it found in favor of defendant as to the execution of the instrument, to entirely disregard it and to allow plaintiff such recovery, if any, as a fair preponderance of the evidence showed that she was entitled to for the reasonable value of her services, for which she had not been compensated by the decedent.

■ The denial of the execution of the instrument put in issue the making of the contract, 2 Dunnell, Minn. Dig. (2 ed.) § 1918; Scone v. Amos, 38 Minn. 79, 35 N. W. 575; McCormick H. M. Co. v. Doucette, 61 Minn. 40, 63 N. W. 95; Fitzgerald v. English, 73 Minn. 266, 76 N. W. 27; Topinka v. Minnesota Mut. L. Ins. Co. 189 Minn. 75, 248 N. W. 660, 95 A. L. R. 739; List & Son Co. v. Chase, 80 Ohio St. 42, 88 N. E. 120, 17 Ann. Cas. 61; the genuineness of the signature, Murphy v. Estate of Skinner, 160 Wis. 554, 152 N. W. 172, Ann. Cas. 1917A, 817; and delivery, Sawyer v. Warner, 15 Barb. (N. Y.) 282; Dusenbury v. Hoadley, 66 Hun 629, 20 N. Y. S. 911; Palmer v. Poor, 121 Ind. 135, 22 N. E. 984, 6 L. R. A. 469; Digan v. Mandel, 167 Ind. 586, 79 N. E. 899, 119 A. S. R. 515.

■ The burden of proving that decedent executed the instrument was on plaintiff. Plaintiff must prove all the essential allegations of the complaint denied by the answer. A party is bound to prove what he is bound to plead. The burden of proof extends to every fact essential to recovery. 2 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934, 1937) §§ 3468, 3469; Topinka v. Minnesota Mut. L. Ins. Co. *supra;* Miller v. McCarthy, 198 Minn. 497, 270 N. W. 559; Anson, Law of Contract (Am. ed.) § 360; 2 Jones, Evidence (2 ed.) § 489. This includes the execution of the instrument sued on. Topinka v. Minnesota Mut. L. Ins. Co. *supra;* 2 Jones, Evidence (2 ed.) § 489; 8 Am. Jur., Bills and Notes, § 996. In Murphy v. Estate of Skinner, 160 Wis. 554, 152 N. W. 172, Ann. Cas. 1917A, 817, it was claimed that a note sued on was a forgery. The answer denied the execution of the note. It was urged that the court

should have charged that the burden was on the estate, the defendant, to show by clear and satisfactory evidence that the signature was a forgery. The issue there was the same as it is here. It was held that the plaintiff had the burden of proving the execution of the note by the deceased and that this burden remained with him throughout the trial, even though the introduction of the note in evidence made out a *prima facie* case in his favor.

2 Mason Minn. St. 1927, § 9887, does not change the burden of proof but is a rule of evidence only and has no application where the alleged signer is dead. Fitzgerald v. English, *supra,* which is very similar to the case at bar.

The burden of proof does not shift. The pleadings generally determine upon whom is the burden of proof, and the party who has the burden of proof carries it throughout the trial. 2 Dunnell, Minn. Dig. (2 ed,) *supra;* 2 Jones, Evidence (2 ed.) §§ 485, 489; 15 Minn. L. Rev. 600; 18 Minn. L. Rev. 359; Topinka v. Minnesota Mut. L. Ins. Co. *supra;* Murphy v. Estate of Skinner, *supra.* In this case the pleadings definitely put the burden of proving the existence of the instrument upon plaintiff. The fact that there was evidence to show that the instrument was duly signed and delivered by the deceased did not shift the burden of proof. In Errett v. Wheeler, 109 Minn. 157, 163, 123 N. W. 414, 415, 26 L.R.A.(N.S.) 816, in which it was held that the burden of proving the allegations of the complaint was on the plaintiff throughout the trial, we said: "The mere fact that certain evidence may make a prima facie case in his favor in no proper view shifts the laboring oar * * *" to the defendant. When a defendant pleads new matter in justification and avoidance he has the burden of proving his allegations. Anderson v. M. Burg & Sons, Inc. 170 Minn. 53, 212 N. W. 9; Zillah Transportation Co. v. Aetna Ins. Co. 175 Minn. 398, 221 N. W. 529. Denial of the execution of an instrument, however, is not an affirmative defense because it does not seek to avoid the fact of the contract by another fact. In case of an affirmative defense, the existence of the contract is admitted for the purposes of the case. But denial of the execution of an instrument denies its legal existence altogether—it asserts that there is no contract at all.

The instruction in this case shifted the burden of proof from plaintiff to defendant as far as it relates to the genuineness of the instrument sued on. This was error. We cannot say that this may not have been decisive in this case. The right of defendant to have plaintiff bear the burden of proof is one of substance and not of form. Denial of the right is prejudicial error. 2 Jones, Evidence (2 ed.) § 478; Bien v. Unger, 64 N. J. L. 596, 46 A. 593; Skyland Hosiery Co. v. American Ry. Express Co. 184 N. C. 478, 114 S. E. 823.

While it is to be regretted that a new trial must be granted, it is necessitated by this error in the instruction which may have been decisive of the result below.

Since there is to be a new trial, it seems that it is not necessary to discuss the other errors which have been assigned. We think that such discussion would not be helpful upon a retrial of the case.

Reversed and new trial granted.